## THE STATE OF CONNECTICUT *against* STEWART.

Where an information charged in the first count, the burning of a barn, being parcel of the mansion-house, and in the second, the burning of a barn, not being parcel of any dwelling-house ; and the evidence was, that the prisoner burned a barn eighteen rods from the mansion-house, and separated therefrom

*Middlesex*,
July,
1825.

State
*v.*
Stewart.

by a highway; and the jury found the prisoner guilty on the first count, and not guilty on the second; it was held, that he was entitled to a new trial, for a misapplication of evidence, by the jury.

This was an information against *Stewart*, in two counts. In the first count, he was charged with having set fire to and burned a certain barn or out-house of *Russel Dutton*, in *East-Haddam*, being parcel of his mansion-house; and in the second, with having set fire to and burned a certain barn, stable or out-house, being the property of *Russel Dutton*, not being parcel of any dwelling-house.

On the trial before *Peters*, J. at *Haddam*, *August* term 1824, it was proved, that the prisoner burned the barn of *Russell Dutton*, as alleged in the information; and it was also proved, that this barn was eighteen rods from *Dutton's* mansion-house, and was separated therefrom by a highway. On this evidence the jury returned a verdict, that on the first count, the prisoner was *guilty ;* and that on the second count, he was *not guilty.* The prisoner moved for a new trial, on the ground that the verdict was against evidence.

*Daggett* and *Sherman*, in support of the motion, contended, that a new trial must be granted on the first count, because there was no evidence on that count. A barn eighteen rods distant from the mansion-house, and on the opposite side of the highway, surely is not parcel of the mansion-house; nor is the burning of a barn so situated, arson.

*Dana* and *Stanley*, contra.

BRISTOL, J. The offence described in the first count of the indictment, would have been arson at common law, and consequently, is the same offence under the 26th sect. of the statute concerning crimes and punishments. (2 *Russel on Crimes*, 1661. 916.) By reference to the above author it will be seen, that when a barn or out-house is parcel of a dwelling-house, the burning of such barn, constitutes arson; and the rules for deciding whether an out-house is, or is not parcel of the mansion-house, are fully given. It is impossible to say, that a barn eighteen rods from the mansion-house, entirely disconnected and separated by a highway, is parcel of such house.

The count for burning a barn not parcel of the dwelling-house, must be laid entirely out of consideration, though clear-

ly sustained by the testimony, as the prisoner was found not guilty, by the jury, on this count.

The case, then, is precisely the same, as it would have been, had the information contained only the first count; and the only question is, whether the facts proved sustained the count on which the prisoner was convicted.

So far from this, the facts proved were not even evidence to be submitted to the jury, on the first count of the information. It is a clear case of the jury's misapplying the testimony; and a new trial must be advised.

The other Judges were of the same opinion.

New trial to be granted.