# Porter *v.* The State.

## *Murder.*

(Decided May 8th, 1906. 41 So. Rep. 421.)

1. *Criminal Law; Appeal; Right of Review.*—Where the merits of the case are not passed upon on an appeal, but the case is dismissed for some technical requirement not complied with, the party may prosecute a second appeal within the time prescribed by law.

2. *Jury; Motion to Quash Venire; Time.*—Where the defendant moved to quash the venire after he announced ready but before the trial was actually entered upon, the motion was in time.

3. *Same; Empaneling; Jury List.*—The list of regular jurors served upon defendant contained the names of three jurors alleged to have been drawn and summoned, but an unsigned memorandum thereon showed they had not been summoned, not being found. Held, not good grounds for motion to quash. (ANDERSON & DENSON, dissent on this point.)

[Porter v. The State.]

APPEAL from Shelby. Circuit Court.

Heard before HON. JOHN PELHAM.

Defendant was indicted for murder in the first degree, and after announcing ready for trial, but before trial was actually entered upon, he moved to quash the venire upon the ground that the venire contained the name of certain jurors who were drawn for that week, but who were not summoned, and upon the further ground that the venire served upon him was not signed by the sheriff of the county. The evidence showed that among the list of regular jurors served upon the defendant as having been drawn and summoned for that week appeared the name of William Walton, T. J. Davis, and William O. Davis. The indorsement of the sheriff on the venire showed that the persons whose names appeared on the regular venire had been drawn and summoned, except William Walton, T. J. Davis, and William O. Davis. The return showed that these three persons were not summoned, not having been found in the county. This return and endorsement were not signed by any one. The court overruled the motion to quash the venire and put the defendant to trial upon the venire that had been served upon him. He was convicted for murder in the second degree, and appealed.

BROWN & LEEPER, W. T. JOHNSON and J. A. W. SMITH, for appellant.—The former appeal in this case was dismissed on the ground that there was no judgment in the lower court to support it. It is clear that the defendant has a right to a new transcript including the judgment of the court below so as to get a case before the supreme court that will support an appeal.—*Evans v. State National Bank,* 134 U. S. 330; 33 L. Ed. 917; *Robinson v. Ark. L. P. Co.* 81 S. W. 609; *Vance v. Calhoun,* 1b.; *Groendyke v. Musgrove,* 99 N. W. 144; 2 Ency. Pr. and Pl. 357. The motion to quash the venire should have been granted.—*Thomas v. State,* 94 Ala. 74; *Carwile v. State,* 39 So. Rep. 220. The motion did not come too late.—*Thomas v. State, supra; Peters v. State,* 100 Ala. 10; *Ryan v. State,* 100 Ala. 105.

MASSEY WILSON, Attorney General, and BORDEN H. BURR, Solicitor 7th Judicial Circuit, for the State.—An appeal in this case having heretofore been dismissed, such dismissal bars a subsequent appeal.—*Railroad v. Belt,* 36 Ohio St. 96; *Schener v. Schener,* 16 Oregon, 243; *Welch v. Brown,* 42 N. J. Law, 323; *Silk v. Werchard,* 5 Leigh, 80. The motion to quash the venire came too late.—*Peters v. State,* 100 Ala. 12; *Ryan v. Teh State,* 100 Ala. 109; *Thomas v. State,* 94 Ala. 74. If the papers served upon the defendant furnishes him the name of the party summoned, the statute is complied with, and any errors or irregularities in the list is error without injury.—*Sanders v. State,* 131 Ala. 6; *Cole v. State* 105 Ala. 80; *Jones v. State,* 104 Ala. 32.

The bill of exceptions in this case failing to state that it contains all the evidence before the court when this motion was submitted, it will be presumed, if necessary to uphold the ruling of the court, that other evidence was before the court.—*Shafer & Co. v. Hausman,* 139 Ala. 237; *Sanders v. Steen,* 128 Ala. 633.

SIMPSON, J.—The defendant was convicted of the offense of murder in the second degree. The case was formerly before this court, and the appeal dismissed because of the failure of the transcript to show the judgment of the court below. It is insisted by the appellee that the dismissal of the appeal is conclusive against the right of the appellant to prosecute this second appeal to this court.

While there are some authorities to the effect that when an appeal has been dismissed the party cannot take a second appeal. In most of those cases the facts were that the appellant himself voluntarily dismissed his appeal.. Without subscribing to the correctness of those cases, even to that extent, we think that the great weight of authority, which we think, also, is in consonance with the analogies of the law, sustains the proposition that where the merits of the case are not passed upon, and the case was dismissed on account of the failure of some technical requirement, the party may prosecute a second appeal within the time prescribed by law.—2

[Porter v. The State.]

Ency. Pl. and Pr. p. 357; *Groendyke v. Musgrave,* (Iowa) 99 N. W. 144; *Robinson v. Arkansas L. & T. Co.* (Ark.) 81 S. W. 609; *Evans v. State Bank,* 134 U. S. 330, 10 Sup. Ct. 493, 33 L. Ed. 917.

The motion to quash the venire was made in time. Although the defendant had announced that he was ready for trial, yet nothing had been done to commence the trial. The motion to quash the venire was properly overruled. Although the three names mentioned were on the list, yet the memorandum, on the same paper, to the effect that those parties were not found, was a sufficient notice that those names were not included in the list from which the jury was to be selected. This was a clear, explicit notice that the names were not included in the venire, and, while it is not commended as a proper practice, yet "the defendant and his counsel were not misled thereby." The objection is technical, but not meritorious.—*Cole v. State,* 105 Ala. 80, 16 South. 762.

The copy of the venire served upon the defendant is not required to be signed by the sheriff.

There being no error in the record, the judgment of the court is affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON, TYSON, and DOWDELL, JJ., concur. ANDERSON and DENSON, JJ., dissent, on the ground that the defect in the copy of the venire was substantial.


