# W. Holland *v.* The State.

## *Arson.*

(Decided June 30, 1914.    65 South. 920.)

*Arson; Indictment; Curtilage.*—Generally speaking, "curtilage"
is the space of ground adjoining the dwelling house used in connec-
tion therewith in the conduct of the affairs of the family, and carry-
ing on domestic purposes; it need not necessarily be separated from
other lands, nor does the intersection of a divisional fence affect the
relation of a building thus separated from it; a buggy house discon-
nected from the dwelling house by a public highway, with a yard
between the dwelling and the highway, and the dwelling and yard
enclosed by a paling fence, was not within the curtilage of such
dwelling as a matter of law within an indictment charging arson in
attempting to burn the buggy house, the property of H., within the
curtilage of his dwelling.

APPEAL from Barbour Circuit Court.

Heard before Hon. M. SOLLIE.

[W. Holland v. The State.]

Will Holland was convicted of arson in the second degree for attempting to burn a buggy house within the curtilage of the dwelling of one J. W. Helms, and he appeals. Reversed and remanded.

WINN & WINN, for appellant. The appeal was taken within twelve months, and defendant is entitled to have the merits passed upon.—*Porter v. State,* 146 Ala. 36; Rule 42, Sup. Ct. Pr. Counsel insist that the indictment charged two offenses, one a misdemeanor and one a felony, and that hence, it was bad.—Secs. 7149, 7150, 7151, Code 1907; 1 Mayf. 433; *Handy v. State,* 121 Ala. 13; *Hornsby v. State,* 94 Ala. 55; *James v. State,* 124 Ala. 27. On these authorities, if the first count charged a felony, and the second count charged a misdemeanor, a general verdict cannot stand as it cannot be said to which count it is referable. The building alleged to have been burned was not within the curtilage.—*Fisher v. State,* 43 Ala. 17; *Washington's case,* 82 Ala. 31; *Cook's case,* 83 Ala. 63.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. The transcript was not filed within the time allowed by law, and the rules of this court, and the appeal, therefore, should be dismissed.

PELHAM, J.—This case has heretofore been before this court on a transcript failing to show a finding or judgment of guilt, and the appeal was dismissed because the record did not contain the necessary requisites in these particulars to authorize a consideration of the matters sought to be presented by the appeal.—*Holland v. State,* 10 Ala. App. 238, 64 South. 649. Under the ruling in *Porter v. State,* 146 Ala. 36, 41 South. 421,

the appellant is entitled to have the merits of his case considered and passed upon on the present record, showing this appeal to be taken within 12 months from the date of the judgment of conviction.

The defendant was charged in two separate counts of the indictment with arson in the second degree in attempting to willfully burn a "buggy house" or "buggy shelter," alleged in each count of the indictment as the property of one J. W. Helms, and as being an outhouse within the curtilage of his dwelling. The principal question presented, and one affecting the right of the defendant to the general charge requested in his behalf, is whether or not the structure alleged as attempted to be burned was within the curtilage of the dwelling of J. W. Helms.

It was shown by the evidence on the trial, practically without dispute, that this building was the property of J. W. Helms, and was situated about 60 feet from the Helms dwelling, and that both buildings fronted a public road running between them; that the buggy shed was not located directly across the road from the dwelling, but a little to the north of it and on the same side of the road, 18 feet distant from the defendant's store building; that the dwelling house and yard is inclosed within a paling fence about four feet high that did not include the buggy shelter, which was used to house a buggy and harness and a few farming implements.

Generally speaking, the curtilage is the space of ground adjoining the dwelling house, used in connection therewith in the conduct of family affairs and for carrying on domestic purposes. It need not necessarily be separated from other lands by a fence, nor does the intersection of a divisional fence necessarily affect the relation of a building thus separated from it, but it is otherwise as to an outhouse if the contiguity is broken by a

public highway intervening between the outhouse and the dwelling.—*State v. Simpson,* 12 S. C. 567, 32 Am. Rep. 513; *Curkendall v. People,* 36 Mich. 309; *State v. Stewrt,* 6 Conn. 47.

It is often the case that it may be affirmed, as a matter of law, in the particular case from the undisputed evidence that a certain house or structure is not within the curtilage.—*Cook v. State,* 83 Ala. 62, 3 South. 849, 3 Am. St. Rep. 688. We think the evidence in this case. was not of that indeterminate character making it permissible, or free from error, to leave the question to be passed upon by the jury. The buggy shelter that the defendant was charged with attempting to burn was shown to have been entirely disconnected and separated by a public highway from the dwelling, with a yard between the latter and the highway, and the dwelling and yard inclosed by a four-foot paling fence. A structure so situated as the buggy shelter is shown to have been with relation to the dwelling house is not, as a matter of law, in the connection in which it is here considered, within the curtilage. See authorities supra.

For the reasons given, the trial court was in error in refusing the affirmative charge requested by the defendant.

Reversed and remanded.