VENTURA ORELLANA RODRÍGUEZ, Petitioner and Appellee, *v.* PEOPLE OF PUERTO RICO, Respondent and Appellant.

No. 5308. Argued February 8, 1934.—Decided February 14, 1934.

R. A. *Gómez, Fiscal,* for appellant. *Manuel Rodríguez Ramos* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

On February 28, 1933, Ventura Orellana Rodríguez was convicted of involuntary manslaughter and sentenced by the District Court of Bayamón to one year's imprisonment in the penitentiary. He appealed from the judgment on the same day, February 28th, but failed to serve notice of the appeal on the *Fiscal.* His appeal was dismissed on that ground by this Supreme Court on June 12, 1933.

On the same day, June 12th, before the expiration of the period of six months for appeal allowed by law, he filed a new notice of appeal. He was sent to prison and while serving the sentence in the penitentiary, he requested the district court which had sentenced him, to fix a bond for his provisional liberty pending decision on the appeal taken by him on June 12th. His petition was filed on August 23, 1933, and denied by the district court on the 8th of September following.

Thereupon he filed a petition for habeas corpus, which was granted by Mr. Justice Córdova Dávila, as acting judge in vacation (*juez de turno*). The *Fiscal* appealed from that decision to the full bench, and the hearing was held on the 8th of this instant February.

The decision appealed from is based on an opinion in which the applicable law and jurisprudence are carefully studied. We think that the fundamental question involved is a simple one.

As we have said, the law grants to a person sentenced by the judgment of a district court rendered, as in this case, in

an action originally brought before it, a term of six months in which to appeal. Section 349 of the Code of Criminal Procedure and section 1 of the Act of May 28, 1904 (Session Laws, p. 11).

Orellana appealed within that term but he did not serve notice of the appeal on the prosecuting attorney, the adverse party, and his appeal was dismissed because, as this court said in the case of *People* v. *Rubio,* 44 P.R.R. 866, 867, basing itself on the provisions of section 350 of the Code of Criminal Procedure, "if such service is not made, the Court has no jurisdiction and the appeal must be dismissed without being heard." At this stage, the defendant filed his second notice of appeal which was still within the term fixed by law.

In our opinion, he had a perfect right to do so. His first action was ineffective. By it he attempted to establish an appeal which was never perfected. The Supreme Court did not consider the case on its merits nor did it acquire jurisdiction to do so. If the term for appeal allowed by law had expired, the defendant would have paid for his mistake with the loss of his right, but as said term had not yet lapsed, the doors of the appellate court were still open to him.

We would arrive at this conclusion on the basis of the interpretation of the law in force in Puerto Rico, even though no precedents existed to support it. They exist, however. We shall cite from the opinion of the acting judge in vacation the following paragraphs, taken from the opinion delivered by the Supreme Court of Alabama in the case of *Porter* v. *State,* 146 Ala. 36, 41 So. 421, thus:

"The defendant was convicted of the offense of murder in the second degree. The case was formerly before this court, and the appeal dismissed, because of the failure of the transcript to show the judgment of the court below. It is insisted by the appellee that the dismissal of the appeal is conclusive against the right of the appellant to prosecute this second appeal to this court.

"While there are some authorities to the effect that when an appeal has been dismissed the party cannot take a second appeal, in most of those cases the facts were that the appellant himself

voluntarily dismissed his appeal. Without subscribing to the correctness of those cases, even to that extent, we think that the great weight of authority, which we think, also, is in consonance with the analogies of the law, sustains the proposition that where the merits of the case are not passed upon, and the case was dismissed on account of the failure of some technical requirement, the party may prosecute a second appeal within the time prescribed by law. 2 Ency. Pl. & Pr. p. 357; *Groendyke* v. *Musgrave* (Iowa) 99 N. W. 144; *Robinson* v. *Arkansas L. & T. Co.* (Ark.) 81 S. W. 609; *Evans* v. *State Bank,* 134 U. S. 330, 10 Sup. Ct. 493, 33 L. Ed. 917.''

The order appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.