Ex parte Ventura Orellana Rodríguez, peticionario y apelado, *v.* El Pueblo de Puerto Rico, opositor y apelante.

No. 5308.—*Sometido:* Febrero 8, 1934. *Resuelto:* Febrero 14, 1934.

**R. A. Gómez, Fiscal,** abogado de El Pueblo, apelante; *Manuel Rodríguez Ramos,* abogado del peticionario apelado.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Ventura Orellana Rodríguez fué condenado por la Corte de Distrito de Bayamón en febrero 28, 1933, como autor de un delito de homicidio involuntario, a sufrir la pena de un año de presidio. No conforme con la sentencia, apeló de ella el propio día 28 de febrero, pero omitió notificar su escrito al fiscal. Por ese motivo su apelación fué desestimada por esta Corte Suprema el 12 de junio de 1933.

Así las cosas, el mismo día 12 de junio, vigente aún el término de seis meses que la ley le concedía para apelar, radicó un nuevo escrito de apelación. Fué reducido a prisión y hallándose en la Penitenciaría cumpliendo la sentencia, se dirigió a la corte de distrito que lo condenara pidiéndole que le fijara fianza para permanecer en libertad mientras se sustanciaba la apelación que interpusiera el 12 de junio. Su solicitud fué radicada el 23 de agosto de 1933 y desestimada por la corte de distrito el 8 de septiembre siguiente:

Entonces presentó una solicitud de hábeas corpus que fué declarada con lugar por el Juez Asociado de esta Corte Suprema Sr. Córdova Dávila que actuaba entonces en funciones de turno por hallarse la corte en vacaciones. No conforme el fiscal apeló de la resolución del Juez de Turno para ante

el tribunal en pleno, celebrándose la vista del recurso el 8 de febrero actual.

La resolución apelada se funda en una opinión en la que se estudia cuidadosamente la ley y la jurisprudencia aplicables. La cuestión fundamental envuelta es, a nuestro juicio, sencilla.

Como hemos dicho, la ley concede a la persona condenada por sentencia de una corte de distrito dictada como en este caso en causa tramitada originalmente ante ella, el término de seis meses para apelar. Artículo 349 del Código de Enjuiciamiento Criminal y artículo 1 de la ley de 28 de mayo de 1904, leyes de 1905, p. 17.

Dentro de ese término apeló Orellana, pero no notificó su escrito al fiscal, parte contraria, y su apelación fué desestimada porque como dijo este tribunal en el caso del *Pueblo* v. *Rubio,* 44 D.P.R. 889, 891, basándose en lo dispuesto en el artículo 350 del Código de Enjuiciamiento Criminal, ''si la notificación no se hace, no adquiere jurisdicción la corte y el recurso debe ser desestimado sin oírse.'' Así las cosas y dentro aun del término de ley, fué que el acusado radicó su segundo escrito de apelación.

A nuestro juicio tenía perfecto derecho para hacerlo así. Su primera actuación no tuvo efecto. Intentó por ella establecer el recurso, pero su apelación no quedó jamás perfeccionada. La Corte Suprema no sólo no entró a considerar el caso en sus méritos, si que no adquirió jurisdicción para considerarlo. Si el término concedídole por la ley para apelar hubiera fenecido, el acusado hubiera pagado su equivocación con la pérdida de su derecho, pero estando como estaba en vigor, las puertas del tribunal de apelación estaban aún abiertas para él.

A esa conclusión llegaríamos a virtud de la sola interpretación de la ley vigente en Puerto Rico aunque no existieran precedentes en qué apoyarla. Existen, sin embargo. Citaremos, tomándolos de la opinión del Juez de Turno, los siguientes párrafos de la opinión emitida por la Corte Suprema

de Alabama en el caso de *Porter* v. *State*, 146 Ala. 36, 41 So. 421, a saber:

"El acusado fué convicto del delito de asesinato en segundo grado. El caso estuvo anteriormente ante esta Corte y la apelación fué desestimada, por no aparecer en los autos la sentencia de la corte inferior. Se insiste por el apelado que la desestimación de la apelación es concluyente contra el derecho del apelante a promover una segunda apelación ante esta corte.

"Aunque hay algunas decisiones que sostienen que cuando una apelación ha sido desestimada la parte no puede establecer un nuevo recurso, la verdad es que en la mayoría de estos casos los hechos demuestran que el apelante mismo voluntariamente desistió de su apelación. Sin aceptar la corrección de estos casos, aún con la limitación señalada, opinamos que el gran peso de las autoridades, que nosotros creemos está también en consonancia con las analogías de la ley, sostiene la proposición de que cuando los méritos del caso no han sido discutidos, y la apelación se ha desestimado por no haberse cumplido con algún requisito técnico, la parte puede promover una segunda apelación dentro del término prescrito por la ley. 2 Ency. Pl. & Pr. p. 357; Groendyke v. Musgrave (Iowa) 99 N. W. 144; Robinson v. Arkansas L. & T. Co. (Ark.) 81 S. W. 609; Evans v. State Bank, 134 U. S. 330, 10 Sup. Ct. 493, 33 L. Ed. 917.''

*Debe confirmarse la sentencia recurrida.*

El Juez Asociado Señor Córdova Dávila no intervino.