El Pueblo de Puerto Rico, demandante y apelado, *v.* Ernesto González Rivera, acusado y apelante.

Núm. 8333.—*Sometido:* Noviembre 25, 1940. *Resuelto:* Noviembre 30, 1940.

*Ciro Malatrasi, Jr.,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Ernesto González Rivera fué condenado a diez años de presidio por la Corte de Distrito de Bayamón en abril 18, 1940, como autor de un delito subsiguiente de escalamiento en primer grado. Apeló y señalada la vista del recurso para noviembre seis actual compareció por su abogado y pidió su suspensión a los fines de completar el récord con la transcripción de la evidencia.

Señalada de nuevo la vista para el 27 de este mes, el fiscal insistió en su petición oral de que se desestimara el recurso por no haberse notificado al Ministerio Público el escrito interponiéndolo. El acusado se opuso, solicitando otra vez la suspensión de la vista. Alegó y demostró que había presentado un segundo escrito de apelación notificado al fiscal dentro del término que la ley concede para apelar y pedido entonces a la corte que ordenara al taquígrafo que preparara la transcripción de la evidencia, a lo que se negó la corte en los siguientes términos:

"La sentencia en este caso se dictó el 18 de abril de 1940, y el día 27 del mismo mes y año el acusado radicó escrito de apelación contra dicha sentencia. El acusado no solicitó transcripción de la evidencia, actuaciones, objeciones, resoluciones etc. habidas durante la vista de su causa, dentro del término de ley ni en ningún momento después. Consiguientemente el Secretario en 20 de mayo de 1940 certificó la transcripción de los autos y la elevó al Tribunal Supremo, en cuyo Tribunal está dicha apelación pendiente de resolución. Luego, o sea en 24 de septiembre de 1940, el acusado ha radicado un segundo escrito de apelación y una solicitud de transcripción del récord taquigráfico, cuando su primera apelación aun no ha sido resuelta, y sin que conste que la haya abandonado o desistido de ella.

"Es permitida la radicación de una segunda apelación, cuando no ha expirado el término para apelar y se ha desestimado la primera apelación. *Ex parte Orellana y Pueblo*, 46 D.P.R. 207, y casos citados. No habiendo constancia de que la primera apelación haya sido desestimada, no ha lugar a la radicación de la segunda; y así mismo se deniega la solicitud de transcripción del récord taquigráfico

habido en la vista de la causa, por no haber término hábil para ordenarlo.''

Y alegó y demostró además el apelante que había solicitado reconsideración de la resolución de la corte de distrito sin que ésta hubiera aún resuelto su moción. El fiscal insistió en la desestimación.

No hay duda de que no habiéndose notificado el escrito de apelación de abril 26 de 1940 al fiscal, esta Corte no adquirió jurisdicción a virtud del mismo para conocer del recurso, pero tampoco la hay de que habiéndose presentado el segundo escrito notificado al fiscal dentro del término de seis meses que la ley concede para apelar—artículo 349 del Código de Enjuiciamiento Civil, ed. 1935—sí la tiene en la actualidad de acuerdo con lo resuelto de modo terminante en los casos de *Ex parte Orellana y Pueblo,* 46 D.P.R. 207 y *Flores* v. *Corte,* 49 D.P.R. 123.

En el último de dichos casos fué considerada y resuelta en sentido contrario una cuestión semejante a la que se le presentara a la corte de distrito a virtud de la petición de transcripción de la evidencia héchale por el acusado para perfeccionar su apelación una vez que presentara su segundo escrito notificado al fiscal.

El Juez Asociado Sr. Córdova Dávila emitió la opinión del tribunal y después de citar y analizar varios casos, se expresó como sigue:

"De acuerdo con la jurisprudencia citada, una segunda apelación puede interponerse cuando no haya expirado el término para apelar y la primera haya perdido su eficacia o haya sido expresa o tácitamente abandonada por el apelante. La Corte Suprema de los Estados Unidos, en el caso de *Evans* v. *State Bank,* supra, nos dice que cuando transcurrió el término durante el cual podía diligenciarse la citación de la primera apelación sin haberse radicado el récord, esa apelación había perdido su eficacia, quedando el caso abierto para entablar un segundo recurso como habría sucedido si el apelado hubiese radicado el pleito y logrado su desestimación. La Corte Suprema de Washington, en *Reichenbach* v. *Lewis,* supra, hace notar que los apelantes manifestaron en su argumentación oral que

habían abandonado la primera apelación y que sólo descansaban en la segunda, y dice que en circunstancias similares, cuando se han establecido dos recursos, la corte ha sostenido que la primera apelación ha sido abandonada y no debe impedir la interposición de la última. El caso sometido a nuestra consideración es bastante raro, porque el apelante, a pesar de haber interpuesto la segunda apelación, insiste en mantener vivo ante esta corte, solicitando prórrogas para perfeccionarlo, el primer recurso interpuesto. Sin embargo, nos parece que la corte inferior no perdió su jurisdicción para admitir el segundo recurso de apelación y la exposición del caso ofrecida por el apelante después de haberse visto impedido de radicar esa exposición dentro del primer recurso interpuesto. Es claro que el apelante no puede tramitar indefinidamente dos recursos de apelación a un mismo tiempo contra la sentencia dictada y que ha debido resolver por cuál de los dos se decidía; pero es esta corte y no el tribunal de distrito la autoridad llamada a resolver las cuestiones que hayan podido suscitarse con motivo de la interposición del segundo recurso.''

Técnicamente procedería declarar con lugar la petición del fiscal, pero ¿a qué otros autos si éstos contienen ya el legajo de la sentencia y se trata en el fondo de un solo recurso contra una sola sentencia? Lo que en realidad de verdad hizo .el acusado apelante fué perfeccionar su apelación, en cuanto al escrito interponiéndola, cuando aun podía hacerlo por no haber vencido el término de ley para apelar. Al escrito que primeramente presentó le faltaba la notificación. El segundo la tenía. Eso es todo.

*En tal virtud, debe declararse no haber lugar a la desestimación y la apelación perfeccionada continuará tramitándose bajo el mismo número de radicación, concediéndose al apelante hasta el 30 de enero, 1941, para completar el récord con la transcripción de evidencia certificada de acuerdo con la ley.*