El Pueblo de Puerto Rico, demandante y apelado, *v.* Mario Colberg, acusado y apelante.

Núm. 8581.—*Sometido:* Mayo 9, 1941. *Resuelto:* Mayo 19, 1941.

*P. N. Colberg*, abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar*, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Mario Colberg fué sentenciado ante la Corte Municipal de Cabo Rojo de una infracción a la Ley núm. 25 de julio 17 de 1935 ((2) pág. 153) y en grado de apelación la Corte de Distrito de Mayagüez lo declaró culpable y sentenció el 16 de septiembre de 1940. En esa misma fecha el acusado apeló para ante este tribunal y el 24 de marzo de 1941 solicitó se le tuviera por desistido de su apelación, solicitud que fué declarada con lugar el 26 del mismo mes de marzo teniéndole por desistido de la apelación interpuesta.

Aparece de los autos que el acusado radicó en la corte inferior un segundo escrito de apelación el día 14 de marzo de 1941.

Tomando en consideración los anteriores hechos, el fiscal de esta corte el día señalado para la vista del caso en su fondo radicó una moción solicitando la desestimación del recurso por haberse radicado el segundo escrito de apelación cuando ya había transcurrido el término de treinta días que señala el artículo 345 del Código de Enjuiciamiento Criminal para las apelaciones en los casos *misdemeanors* originados en las cortes municipales, siendo por tanto la sentencia firme y no haber adquirido jurisdicción este tribunal para resolver el recurso.

■■ No es el artículo 345 del Código de Enjuiciamiento Criminal propiamente dicho el aplicable al caso, sino el artículo 1 de la "Ley proveyendo para las apelaciones en causas criminales" aprobada el 28 de mayo de 1904, que se inserta a continuación del artículo 345 en la edición de 1935 de dicho código, y que dispone lo siguiente:

"Artículo 1.—Que cualquiera de las partes en una acción criminal originada en una corte de distrito podrá apelar a la Corte Su-

prema en la forma prescrita por el Título IX del Código de Enjuiciamiento Criminal; y asimismo podrá cualquiera de las partes apelar para ante la Corte Suprema, en una causa criminal en que estuviere implicada la infracción de las leyes penales de Puerto Rico, originada en un juzgado municipal; *Disponiéndose, sin embargo, que en causas originadas en un juzgado municipal, la apelación del fallo de la corte de distrito deberá interponerse dentro de los treinta días de haberse registrado la sentencia.''* (Itálicas nuestras.)

El caso de autos procedía en grado de apelación de la Corte Municipal de Cabo Rojo y habiéndose dictado sentencia en la corte inferior el 16 de septiembre de 1940 el escrito de apelación debió radicarse dentro de los treinta días siguientes. Desestimada la primera apelación, a petición del propio apelante, su segundo escrito de apelación, radicado el 14 de marzo de 1941, lo fué cuando dicho término de treinta días había expirado con exceso.

La jurisprudencia sentada en los casos de *Ex parte Orellana y Pueblo,* 46 D.P.R. 207; *Flores* v. *Corte,* 49 D.P.R. 123 y *El Pueblo* v. *González,* 57 D.P.R. 669, 671, citada por el apelante en un escrito de oposición a la desestimación solicitada por el fiscal, radicado el 14 de mayo de 1941, no es aplicable al caso de autos. En dichos casos se interpretó el artículo 349 del Código de Enjuiciamiento Criminal que concede un término de seis meses para apelar de una sentencia dictada por las cortes de distrito en los casos que en ellas se originan. El artículo 1 de la ley de 1904, supra, estableció un término especial de treinta días para apelar de las sentencias dictadas por las cortes de distrito en las causas originadas en los juzgados municipales y esta es la ley aplicable al caso de autos. Como consecuencia este tribunal carece de jurisdicción para conocer del recurso y procede la desestimación solicitada.

*Se desestima el recurso.*