## DRAPER *v.* DAVIS.

Where no security having been taken at the time of entering an order allow
  ing an appeal from a decree passed by the Supreme Court of the District of
  Columbia sitting in general term, the appellant, within the time limited by
  statute, filed with the clerk a bond with sureties, conditioned according to
  law, and approved by a judge of that court, by whom, on the same day, a
  citation was signed, — *Held,* that the power of the judge over the appeal and
  the security was thereupon, in the absence of fraud, exhausted, and that the
  control of the *supersedeas.* as well as of the appeal was transferred to this
  court.

APPEAL from the Supreme Court of the District of Columbia.

*Mr. William A. Meloy* moved for a writ of *supersedeas.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the
court.

The final decree in this cause was rendered April 30, 1878.
An order was entered, May 7, on the minutes of the court be-
low, sitting in general term, allowing an appeal to this court,
but no security was then taken, either for costs or to obtain a
*supersedeas.* On the 29th of June, being the sixtieth day after
the rendition of the decree, a bond with sureties in the penal
sum of $1,000, conditioned according to law for a *supersedeas*,
was approved by one of the justices of the court below, and
filed with the clerk. There is no allegation that the approval
of this bond was procured by fraud. On the same day the
same justice signed a citation, which was served July 8. The
taking of this security was not the act of the court, but of
the justice. On the twentieth day of that month, the same
justice, being satisfied that the bond he had taken and approved
was " insufficient and inadequate security," " ordered that the
appellant, within twenty days, . . . file an additional bond in
the penalty of $3,000, with good and sufficient surety to be
duly approved, and upon such notice as is required under rule
116 of this [the Supreme Court of the district] court.". Within
the time required by this order, the appellant presented to the
justice for approval an additional bond for the prescribed
amount; but it does not appear that it was ever accepted. The
appellant fearing, as he alleges, that the court below will pro-
ceed to carry its decree into effect pending this appeal, now

asks that a writ of *supersedeas* may issue to stay any such proceeding.

When the original bond of $1,000 was accepted by the justice and the citation signed, an appeal was allowed and security taken, which operated as a *supersedeas*. That transferred the jurisdiction of the suit appealed to this court. As this allowance was the act of the justice of the court and not of the court itself, no such question is presented as was decided in *Goddard* v. *Ordway* (101 U. S. 745), where we held that if the allowance was the judicial act of the court in term time, it might, like any other order in the suit, be set aside on proper showing during the term. The power of the justice over the appeal and the security, in the absence of fraud, was exhausted when he took the security and signed the citation. From that time the control of the *supersedeas* as well as the appeal was transferred to this court, and even here, as we held in *Jerome* v. *McCarter* (21 Wall. 17), in the absence of fraud, the action of the justice or judge in accepting the security, within the statute and within our rules adopted for his guidance, was final, so far as it depended on facts existing at the time the security was accepted. It follows that the *supersedeas*, which resulted from the taking of the security on the 29th of June, is still in force and has never been vacated. Consequently the court below is without power at this time to proceed with the execution of the decree appealed from, and we will presume that upon an intimation of that kind from us it will not attempt to do so.

Should an application be made to us to increase the security on the ground of a change " in the circumstances of the case, or of the parties, or of the sureties on the bond," " so that security which was good and sufficient " at the time it was taken " does not continue to be so " (*Jerome* v. *McCarter*; *supra*), or to set aside the bond which was accepted on the ground that its acceptance was procured by fraud (*Railroad Company* v. *Schutte*, 100 U. S. 644), we can then determine whether the *supersedeas* now in force shall be vacated ; but on the case as it now stands we think the court below is without power to proceed in the execution of the decree which has been appealed from.

> *Motion denied, without prejudice to its renewal,*
> *should it be necessary.*