## KEYSER *v.* FARR.

1. Where, after the allowance of an appeal, the required *supersedeas* bond was duly approved and the cause entered here, the court below had no longer any control over the decree, and its subsequent order vacating that allowance is void.
2. *Goddard* v. *Ordway* (101 U. S. 745) distinguished.

APPEAL from the Supreme Court of the District of Columbia.

Motion on the part of the appellants for a writ of *supersedeas,* and on the part of the appellees to dismiss.

*Mr. A. C. Bradley* and *Mr. West Steever* for the appellants.
*Mr. W. Hallett Phillips* and *Mr. William A. Maury* for the appellees.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The decree in this case was rendered on the 26th of October, 1881. The record also shows that the court on the same day entered an order allowing an appeal and fixed the amount of the bond. On the 29th and 31st of October bonds for the appeal and *supersedeas* were executed by all the several appellants, and approved by the Chief Justice of the court. On the last day named the case was docketed in this court, and a transcript of the record filed. Afterwards, on the 14th of November, but during the term at which the order allowing the appeal was entered, the appellees moved the court below to require additional security from the appellants, Keyser, Howard, and Smith. On the hearing of this motion the court entered an order purporting to set aside and vacate the former allowance of an appeal, but at the same time made a new allowance to take effect on that day.

Upon this state of facts, the appellants, fearing that execution may issue notwithstanding their appeal docketed here, move for an order restraining the court below from proceeding to enforce the decree, and the appellees move to dismiss: 1, because the allowance of the appeal has been vacated; and, 2, because the value of the matter in dispute is less than $2,500.

After the acceptance of the bonds for the appeal, and the docketing of the cause in this court, the jurisdiction of the court below was gone. From that time the suit was cognizable only in this court. In *Goddard* v. *Ordway* (101 U. S. 745), there was nothing more than the formal order of allowance entered, as in this case, with the final decree. Such an order, while in that condition, it was held, was subject to the control which every court retains over its ordinary judgments during the term. In *Draper* v. *Davis* (102 U. S. 370), however, it was decided that, after a bond had been accepted by one of the judges in accordance with such an order of allowance, the jurisdiction was transferred from the court below. Here a bond was not only accepted, but the case was actually entered in this court. In this way clearly the court below was deprived of power to make its order of November 14. It follows that the motion to dismiss, so far as it is based upon the order of the

court below vacating its allowance of the appeal, must be denied, and that the *supersedeas* which followed in law from the acceptance of the bond by the Chief Justice is in force. Such was our ruling in *Draper* v. *Davis (supra)*, on a similar motion at the last term.

The questions presented by the other branch of the motion to dismiss are important, and have not been directly settled, as we think, by any decision yet made by this court. Their further consideration is postponed until the case is heard on its merits.