# EVANS *v.* STATE BANK.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 655. Submitted March 3, 1890.—Decided March 17, 1890.

When the term at which an appeal is returnable goes by without the filing of the record, a second appeal may be taken, if the time for appeal has not expired.

If an appellee does not avail himself of his right, under the ninth rule, to docket and dismiss an appeal for neglect of the appellant to docket the case and file the record as required by the rules, the appellant may file the record at any time during the return term.

The failure to obtain a citation or give a bond within two years from the rendition of a decree does not deprive this court of jurisdiction over an appeal, when the transcript of the record is filed here during the term succeeding its allowance.

MOTION TO DISMISS. The case is stated in the opinion.

*Mr. J. McConnell* and *Mr. W. Hallett Phillips* for the motion.

*Mr. A. H. Garland, Mr. J. J. Johnson* and *Mr. H. J. May* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

The decree in this case was rendered on the 19th of June and a rehearing refused on the 6th of July, 1885. On the 8th of July of that year an order was entered allowing Mrs. Evans and her husband, who were complainants below, an appeal to this court upon giving bond with security as directed; and upon the same day the bond was filed and approved. Nothing further was done, and the record not having been filed in this court during the succeeding term the appeal became of no avail, because not duly prosecuted. *Credit Company* v. *Arkansas Central Railway Co.,* 128 U. S. 258. On the 21st of May, 1887. Mr. and Mrs. Evans petitioned the Circuit Court to

allow an appeal from said decree, which was on that day allowed and entered of record, on the petitioners furnishing bond conditioned according to law. This bond was accordingly given and approved on the 3d of October, 1887, and citation issued and served, returnable at October term, 1887. The record was filed here on the 31st of March, 1888, one of the days of that term.

A motion is now made to dismiss the appeal, upon the grounds that it could not be granted, because the court had exhausted its power by the allowance of the first appeal, and because, if this were not so, the second appeal was not taken within two years from the entry of the decree. As to the first of these grounds, it may be remarked, that when the term elapsed at which the first appeal was returnable, without the filing of the record, that appeal had spent its force, and the matter was open to the taking of a second appeal, as it would have been if the appellee had docketed the cause and had it dismissed. As to the second appeal, this was taken within the two years, by its allowance by the Circuit Court and not lost, as he did not fail to file the record during the succeeding term. Neither the signing of the citation, nor the approval of the bond, was necessary to our jurisdiction, but it was essential that the record should be filed during the term at which the appeal was returnable.

Under the ninth rule, it is the duty of an appellant to docket his case and file the record with the clerk of this court within the first six days of the term, where the decree was rendered thirty days before the commencement of the term, and if this is not done, the appellee may have the case docketed and dismissed as therein provided; though even then the court may by order permit the appellant to docket the case and file the record after such dismissal. And it has always been held that if the case is not so docketed and dismissed by the appellee, the appellant is in time if the record be filed during the return term.

The filing of the transcript of record in this case under the second appeal, during the term succeeding its allowance, sufficed for the purposes of jurisdiction, which was not defeated

by the failure to obtain a citation or give the bond within two years from the rendition of the decree. *Edmonson* v. *Bloomshire*, 7 Wall. 306 ; *Richardson* v. *Green*, 130 U. S. 104, and cases cited.

The motion to dismiss is therefore

*Denied.*