### RIVERDALE COTTON MILLS v. ALABAMA & G. MFG. CO. et al.

(Circuit Court, N. D. Georgia. October 8, 1901.)

#### No. 1,127.

FEDERAL COURTS STAYING ACTION IN STATE COURT—ANCILLARY JURISDICTION.

A circuit court of the United States which has rendered a decree from which an appeal is pending has power, upon an ancillary bill filed for the purpose, to grant an injunction restraining one of the parties from prosecuting against the other an action subsequently commenced in a state court of another state involving a question or affecting rights determined by such decree until the appeal therefrom has been determined.[1]

In Equity. On ancillary bill for an injunction.

Abbott & Abbott, Dorsey, Brewster & Howell, and Watts, Troy & Caffey, for complainant.

King & Spalding, Welles, Bennett & Welles, and J. M. Chilton, for defendants.

NEWMAN, District Judge. I am satisfied that, under any view of this case, an injunction should be granted at present, to remain of force until the appeal now pending in the supreme court of the United States is determined. It seems to me clear that pending the appeal from the decision of this court and the circuit court of appeals the defendant should not be permitted to prosecute, nor complainant required to defend, the suit instituted in Alabama. The purpose of this injunction will be to preserve the existing status pending the final determination of the case originating here. I think there can be no doubt of the power of the court to do this on an ancillary dependent bill, such as that presented in this case. See 16 Am. & Eng. Enc. Law (2d Ed.) p. 413. In the case of French v. Hay, 22 Wall. 250, 22 L. Ed. 857, in the opinion by Mr. Justice Swayne, this language is used:

"The order of the court below, annulling the decree upon which the suit at law in Pennsylvania was founded, was fatal to that action, and entitled Hay to a perpetual injunction, without reference to the final result of the prior case. This bill is not an original one. It is auxiliary and dependent in its character,—as much so as if it were a bill of review. The court, having jurisdiction in personam, had power to require the defendant to do or to refrain from doing anything beyond the limits of its territorial jurisdiction which it might have required to be done or omitted within the limits of such territory. Having the possession and jurisdiction of the case, that jurisdic-

---

[1] Restraining proceedings in state courts, see notes to Garner v. Bank, 16 C. C. A. 90; Trust Co. v. Grantham, 27 C. C. A. 575.

tion embraced everything in the case, and every question arising which could be determined in it, until it reached its termination and the jurisdiction was exhausted. While the jurisdiction lasted it was exclusive, and could not be trenched upon by any other tribunal. The court below might, upon a cross bill, and perhaps upon motion, have given the relief which was given by the interlocutory and final decree in the case before us. If it could not be given in this case, the result would have shown the existence of a great defect in our federal jurisprudence, and have been a reproach upon the administration of justice. In that event the payment of the annulled decree may be enforced in Pennsylvania, and Hay, notwithstanding the final decree in that case and in this case, would find himself in exactly the same situation he would have been if those decrees had been against him, instead of being in his favor. They would be nullities, as regards any protection they could have given him. Instead of terminating the strife between him and his adversary, they would leave him under the necessity of engaging in a new conflict elsewhere. This would be contrary to the plainest principles of reason and justice. The prohibition in the judiciary act against the granting of injunctions by the courts of the United States touching proceedings in state courts has no application here. The prior jurisdiction of the court below took the case out of the operation of that provision."

In Deitzsch v. Huidekoper, 103 U. S. 494, 26 L. Ed. 497, in the opinion by Mr. Justice Woods it is said:

"A court of the United States is not prevented from enforcing its own judgments by the statute which forbids it to grant a writ of injunction to stay proceedings in a state court. Deitzsch, the original plaintiff in the action on the replevin bond, represented the real parties in interest, and he was a party to the action of replevin which had been pending and was finally determined in the United States circuit court. That court had jurisdiction of his person, and could enforce its judgment in the replevin suit against him, or those whom he represented, their agents and attorneys. The bill in this case was filed for that purpose, and that only. If the bill is not maintainable, the appellees would find themselves in precisely the same plight as if the judgment of the United States circuit court in the replevin suit had been against them, instead of for them. The judgment in their favor would settle nothing. Instead of terminating the strife between them and their adversaries, it would leave them under the necessity of engaging in a new conflict elsewhere. This would be contrary to the plainest principles of reason and justice. As the bill in this case is filed for the purpose of giving to litigants on the law side of the court the substantial fruits of a judgment rendered in their favor, it is merely auxiliary to the suit at law; and the court has the right to enforce the judgment against the party defendant and those whom he represents, no matter how or when they may attempt to evade it or escape its effect, unless by direct proceeding. These views are sustained by the case of French v. Hay, 22 Wall. 250, 22 L. Ed. 857, between which and this case there is no substantial difference."

See, also, Cole v. Cunningham, 133 U. S. 107, 10 Sup. Ct. 269, 33 L. Ed. 538; Root v. Woolworth, 150 U. S. 401, 14 Sup. Ct. 136, 37 L. Ed. 1123.

The provision of Rev. St. § 720, that no writ of injunction shall be granted by any court of the United States to stay proceedings in a state court, does not apply where jurisdiction of the federal court has first attached. Fisk v. Railroad Co., 10 Blatchf. 520, Fed. Cas. No. 4,830; Lanning v. Osborne (C. C.) 79 Fed. 657; Terre Haute & I. R. Co. v. Peoria & P. U. R. Co. (C. C.) 82 Fed. 943; Fidelity Insurance Trust & Safe Deposit Co. v. Norfolk & W. R. Co. (C. C.) 88 Fed. 815.

The fact that an appeal is pending does not, in my opinion, prevent the circuit court, in a proper case, from taking such action as

will protect the property and preserve the rights of the parties until the appeal can be determined. 2 Enc. Pl. & Prac. 330-331; Hinson v. Adrian, 91 N. C. 372. In Allen v. Allen, 80 Ala. 154, it is held that notwithstanding an appeal the chancellor rendering the decree may take steps to prevent the abuse of the process of the court. Summerville, J., delivering the opinion of the court, used this language:

"The chancellor very clearly erred in dismissing the motion made by the appellant to set aside the sale of the lands in controversy, upon the theory that the appeal pending in this court deprived him of all jurisdiction of the matter. We do not doubt that when a decree has been rendered by a court of equity, and an appeal has been prosecuted to this court from such decree, a chancellor would no longer have such jurisdiction of the cause as would enable him to render any further decree affecting the rights and equities of the parties in the same cause during the pendency of the appeal. The present motion, however, is a separate and distinct proceeding from the chancery suit which culminated in the decree from which the appeal in question was taken. It is based upon grounds which have nothing to do with the equities involved in and settled by the decree, and which have even originated subsequent to its rendition. The purpose of the motion is not to raise any question going behind the decree or concluded by it, but only to prevent any abuse of the process of the court by the agency of which it is sought to enforce the execution of the decree."

This is sustained also by decisions of the supreme court of the United States. Jennings v. Carson, 4 Cranch, 2, 2 L. Ed. 531 (and particularly the language of Chief Justice Marshall in the opinion, on pages 24, 25, 4 Cranch, and pages 538, 539, 2 L. Ed.); also Spring v. Insurance Co., 6 Wheat. 518, 5 L. Ed. 320.

I do not think the cases of Draper v. Davis, 102 U. S. 370, 26 L. Ed. 121; Ensminger v. Powers, 108 U. S. 292, 2 Sup. Ct. 643, 27 L. Ed. 732; Keyser v. Farr, 105 U. S. 265, 26 L. Ed. 1025; Bank v. Farwell, 6 C. C. A. 30, 56 Fed. 539; and Morrin v. Lawler (C. C.) 91 Fed. 693,—cited by defendant's counsel, are applicable to the question presented here.

An injunction, as prayed, will issue, to remain of force until the further order of the court. When the appeal pending in the supreme court has been disposed of, further direction will be given the matter, either upon argument or without it, as counsel may prefer.