## UNITED STATES v. HABIB et al.
### No. 487.

Circuit Court of Appeals, Second Circuit.
July 9, 1934.

Martin Conboy, U. S. Atty., of New York City (Seymour Miller Klein and Francis A. Mahony, Asst. U. S. Attys., both of New York City, of counsel), for the United States.

Archibald Palmer, of New York City (Harry D. Glicksman, of New York City, on the brief), for appellees.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

On December 1, 1933, the appellees were convicted of frauds against the Bankruptcy Act (11 USCA), and were sentenced to imprisonment in a penitentiary, Habib for two years and Mevorah for a year and a day. They forthwith appealed, and on December 5th their petition for appeal, the court's order of allowance, their assignments of error, and the citation on appeal were filed in the office of the clerk of the District Court. On December 28th they moved for a new trial. The motion was returnable January 2, 1934, and was ordered referred to the trial judge. Thereafter on February 23d Mevorah obtained an order from the District Court allowing him to withdraw his appeal and his motion for a new trial and directing that he be delivered to the penitentiary to serve his sentence. On March 19th Habib's motion for a new trial came on for argument before the trial judge. Without deciding it, he gave leave to both defendants to move for reduction of sentence. Such a motion was subsequently granted by orders filed on April 30th, and modified judgments of commitment were entered on May 2, 1934.

The only question presented is whether the District Court had jurisdiction to enter the judgments reducing the appellees' sentences. It did not. Their own appeal deprived the court below of jurisdiction to make further orders in the appealed cause. Draper v. Davis, 102 U. S. 370, 371, 26 L. Ed. 121; Keyser v. Farr, 105 U. S. 265, 266, 26 L. Ed. 1025; Spirou v. United States, 24 F.(2d) 796, 797 (C. C. A. 2), certiorari denied 277 U. S. 596, 48 S. Ct. 559, 72 L. Ed. 1006; United States v. Radice, 40 F.(2d) 445, 446 (C. C. A. 2); Midland Terminal Ry. Co. v. Warinner, 294 F. 185, 189 (C. C. A. 8).

The appellees concede the principle that perfecting an appeal terminates the power of the trial court, but contend that it is inapplicable because of their alleged voluntary abandonment of their appeal. This abandonment must be inferred, it is asserted, because of their motion for a new trial, and, in the case of Mevorah, his motion for permission to withdraw his appeal. In substance, appellees' argument is that the inferior court which had lost jurisdiction regained it again on the occasion of their moving therein for relief inconsistent with the prosecution of the appellate proceedings. This proposition is clearly inconsistent with the above-cited authorities. Appellees, however, rely upon Evans v. State Nat. Bank, 134 U. S. 330, 10 S. Ct. 493, 33 L. Ed. 917; Midland Terminal Ry. Co. v. Warinner, 294 F. 185 (C. C. A. 8); Gould v. United States, 205 F. 883 (C. C. A. 8). These cases hold that, after an appeal or writ of error has been perfected but "has spent its force" because the term at which the appeal was returnable has elapsed, the trial court may allow another appeal or writ of error if such allowance is still timely. They contain no warrant whatever for the contention that "abandonment" of the kind now relied upon can deprive the appellate court of jurisdiction and revest it in the court below. Nor can the failure to settle the record and file it within the time prescribed by our rules operate as a withdrawal of the appeal. Although the defendants (appellants) were in default, this does not automatically dismiss the appeal. Under Rule 14 the appellee might move to dismiss, but, if before dismissal the appellants should file their transcript, the record would stand, for the term within which the citation was returnable was and is still open. See Evans v. State Nat. Bank, 134 U. S. 330, 10 S. Ct. 493, 33 L. Ed. 917. To withdraw their appeal it was necessary for the defendants to obtain an order of this court. See Rule 18. We can recognize no doctrine of withdrawal by conduct of an appellant from which it may be inferred that he does not intend to prosecute his pending appeal. Consequently, as to Mevorah no less than Habib the appeal perfected on December 5th is still pending in this court, for the District Court's order purporting to allow him to withdraw it was a nullity. Keyser v. Farr, 105 U. S. 265, 26 L. Ed. 1025. Equally void in its effect upon the pendency of their appeal was the defendants' motion for a new trial presented on December 28th after the District Court had lost jurisdiction to consider it. Accordingly the District Court was without jurisdiction to reduce the sentences which had been appealed to this court. Its orders purporting to reduce them are reversed.

The harshness with which this result will bear upon the defendants is pressed upon us, inasmuch as their appeal stayed execution of their penitentiary sentences without releasing them from custody and their imprisonment since December 1, 1933, at the federal detention headquarters will not be considered in diminution of their sentences. These considerations may well appeal to the executive branch of the government should the defendants apply for a pardon or commutation; but they can have no weight with a court. See Fels v. Snook, 30 F.(2d) 187, 188 (D. C. N. D. Ga.).

Judgments reversed.