In re NEW YORK INVESTORS, Inc. *

RECONSTRUCTION FINANCE CORPORATION v. ENDELMAN et al.

Nos. 492, 493.

Circuit Court of Appeals, Second Circuit.

July 22, 1935.

See, also, 79 F.(2d) 182.

Root, Clark, Buckner & Ballantine, of New York City (William P. Palmer, Everett I. Willis, and V. Henry Rothschild, II, all of New York City, of counsel), opposed, for appellant Reconstruction Finance Corporation.

Edward Endelman, of New York City, for the motion made in his own behalf.

Powell & Ruch, of New York City (Clinton J. Ruch, of New York City, of counsel), for the motion made on behalf of trustees-appellees Charles H. Kelby and Clifford S. Kelsey.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The main proceeding here is one for the reorganization of the debtor under section 77B of the Bankruptcy Act (11 USCA § 207). It was preceded by a suit by John H. Selby against New York Investors, Inc., in which Charles H. Kelby and Clifford S. Kelsey, the trustees herein, were appointed equity receivers and a protective committee of preferred stockholders of Prudence Company, Inc., for which Edward Endelman was attorney, was allowed to intervene. New York Investors, Inc., was the owner of the common stock of Prudence Company, and had guaranteed payment of dividends of 7 per cent. on the preferred stock. The claims of the preferred stockholders of the Prudence Company arising out of the guaranty by New York Investors, Inc., of payment of their dividends resulted in their intervention in the equity receivership.

In February, 1935, about one month after the proceedings under section 77B had supplanted the equity receivership, the equity receivers, Messrs. Kelby and Kelsey, their attorneys Messrs. Powell & Ruch, and Edward Endelman, the attorney for the intervening committee of preferred stockholders, applied for allowances in the receivership proceedings. Judge Inch, who had charge of the receivership, fixed their compensation by an order entered in the equity suit on March 1, 1935. Thereafter by order of March 25, 1935, entered in the 77B proceeding, he directed payment by the trustees to Kelby and Kelsey, and

to their attorneys Powell & Ruch, of the allowances so fixed. By a similar order entered in the 77B proceeding on March 22, 1935, he directed payment of compensation to Endelman. From these orders Reconstruction Finance Corporation sought leave to appeal to this court, and orders granting such leave were made on May 22, 1935.

Within thirty days from the date of the respective orders directing payment of the allowances, the appellant Reconstruction Finance Corporation filed petitions of appeal from the orders and assignments of error applicable thereto in the District Court and copies thereof in this court. Thereupon it moved in this court for leave to appeal, and served notices of motion returnable within the thirty-day periods. It filed no bonds, and citations were not issued or served within the time to take the appeals, though they were served later.

The appeals were plainly taken under section 24b of the Bankruptcy Act (11 USCA § 47 (b) for the reason that the appellant applied to this court to have them allowed as is directed under that subdivision. Nevertheless it is argued that they should have been taken under section 25a (11 USCA § 48 (a) because the direction to pay the allowances amounted to "a judgment allowing or rejecting a debt or claim, * * *" from which an appeal lies under section 25a as a matter of right. But allowances to attorneys have never been regarded as judgments allowing "a debt or claim" within the meaning of section 25a. Wingert v. Smead, 70 F.(2d) 351, 352 (C. C. A. 4); In re Schulte-United, 59 F.(2d) 553, 559 (C. C. A. 8); W. J. Davidson & Co. v. Friedman, 140 F. 853 (C. C. A. 6); In re Columbia Real Estate Co., 112 F. 643 (C. C. A. 7). The allowances are administrative expenses, and the orders are proceedings in bankruptcy. Orders of a bankruptcy court fixing allowances rendered in a prior insolvency proceeding have long been regarded as appealable under section 24b. Patents Process v. Durst, 69 F.(2d) 283, 285 (C. C. A. 9); In re Stewart, 179 F. 222 (C. C. A. 6).

The appellees say that the allowances here were debts within the meaning of section 25a because they have been allowed by the court in the equity receivership, and the bankruptcy court could do nothing except to provide for payment. Section 77B (i) of the act (11 USCA § 207 (i) provides that trustees appointed under that section shall forthwith be entitled to possession of, and vested with title to, the property of the debtor, and "the judge shall make such orders as he may deem equitable for the protection of obligations incurred by the receiver or prior trustee and for the payment of such reasonable administrative expenses and allowances in the prior proceeding as may be fixed by the court appointing said receiver or prior trustee." We think these provisions were inserted in the act in order to give the court in charge of the reorganization proceedings the benefit of the experience of the prior court, in estimating the fair value of the services of such persons as are entitled to compensation. There could be no sufficient reason for providing that the section 77B court should make such orders as it might deem equitable "for the payment of * * * reasonable administrative expenses and allowances in the prior proceeding" unless it were to have the power to reduce and to decline to pay such as were unreasonable. Anything less than this would render the words "equitable" and "reasonable" nothing more than hortatory terms designed to exhort the prior court to practice moderation. No power is given the judge in the 77B proceeding to raise allowances made by the prior court, and we think that any person who is dissatisfied with the compensation allowed by the judge in charge of the prior insolvency proceeding should review his decision in the appropriate appellate tribunal.

In the face of the language of section 77B (i) and the rule that, in ordinary bankruptcy, the bankruptcy court has exclusive power to fix allowances for receivers and counsel in prior insolvency proceedings (Taylor v. Sternberg, 293 U. S. 470, 55 S. Ct. 260, 79 L. Ed. 599; Gross v. Irving Trust Co., 289 U. S. 342, 53 S. Ct. 605, 77 L. Ed. 1243, 90 A. L. R. 1215; Hume v. Myers, 242 F. 827 [C. C. A. 4]), we find it hard to suppose that the court in charge of these prior proceedings was to have complete control over the determination of such administrative expenses and allowances. Inasmuch as the 77B court may reduce compensation allowed by a prior insolvency court, if it has been fixed at more than a reasonable amount, there can be no ground for distinguishing between the mode of review of an order for administrative expenses and allowances in prior proceedings made under section 77B (i) and the mode of review of an or-

der made in an ordinary bankruptcy court for the payment of similar allowances. We therefore conclude that the appeals here were properly taken under section 24b.

■■■ It is contended that the appeals should fail because the appellant filed no bonds and the citations were not issued or served within the proper time. But the appellant is a corporation, all the stock of which is beneficially owned by the United States. It therefore was not required to file bonds to perfect appeals. 48 Stat. 1109; 28 U. S. C. § 870, as amended (28 USCA § 870). As the appeals were taken within the proper time, the failure to issue a citation did not affect the jurisdiction. Evans v. State Bank, 134 U. S. 330, 10 S. Ct. 493, 33 L. Ed. 917; Dodge v. Knowles, 114 U. S. 430, 438, 5 S. Ct. 1197, 29 L. Ed. 296; Weinstein v. Black Diamond S. S. Corp., 31 F. (2d) 519 (C. C. A. 2). While the citation was not served until after we had allowed the appeals pursuant to section 24b, the appellees had actual notice. Inasmuch as the object of a citation is to give notice, the point which appellees raise is without substance.

■■ The appellee Endelman makes the further objection that the appellant had no status which permitted it to appeal. He argues that the Reconstruction Finance Corporation is a secured creditor which has, taken no steps to realize upon its security, and for that reason is without any standing. But a creditor, who has been permitted to intervene and whose rights to resort to the general assets for payment of any balance that may be due him after the application of his security, is affected by the decision and should be allowed to appeal. The right of such an intervening creditor to appeal was recognized in Pennsylvania Co. for Ins. on Lives, etc., v. Philadelphia Co., 266 F. 1, 4 (C. C. A. 3); West v. Radio-Keith-Orpheum Corp., 70 F.(2d) 621, 624 (C. C. A. 2). Under section 77B (i), a creditor may only be heard on the question of the permanent appointment of trustees and of a proposed confirmation of a reorganization plan, unless he is given leave to intervene and to be heard on other questions. There are therefore careful safeguards against abuses likely to arise from too general a participation by individual creditors in all the steps incident to reorganization under section 77B. Where a court has thought best to allow a creditor to intervene and to be heard on certain specified matters, it does not seem unreasonable to grant him the right to appeal.

The mere fact that the creditor could not use his claim for the purpose of voting or obtaining a dividend without liquidating or valuing his security pursuant to section 57e or section 57h of the Bankruptcy Act (11 USCA § 93 (e, h) does not necessarily affect his standing as an appellant. Under section 77B (k) of the act (11 USCA § 207 (k), subdivisions (e) and (h) of section 57 are made inapplicable, except so far as they may be used to value collateral in the reorganization plan, and section 56 (b) of the act (11 USCA § 92 (b) relates only to creditors' meetings, which are out of place in section 77B unless there is an order of liquidation.

The motions to dismiss are denied.