**UNITED STATES of America, Appellee,**

v.

**Herbert A. ELLENBOGEN, Appellant.**

**No. 197, Docket 31708.**

United States Court of Appeals Second Circuit.

Argued Dec. 12, 1967.

Decided Feb. 27, 1968.

538

Daniel H. Greenberg, New York City, for appellant.

Lee A. Albert, Asst. U. S. Atty., Southern Dist. of New York (Robert M. Morgenthau, U. S. Atty., Michael S. Fawer and Pierre N. Leval, Asst. U. S. Attys., Southern Dist. of New York, on the brief), for appellee.

Before KAUFMAN, ANDERSON and FEINBERG, Circuit Judges.

ANDERSON, Circuit Judge:

In February of 1964, Samuel DeChellis and the appellant Herbert A. Ellenbogen were indicted for conspiracy to defraud the United States.[1] In the indictment the appellant was also charged with two counts of bribery of a federal employee[2] and DeChellis was charged with two counts of receiving the bribes from the appellant.[3] DeChellis pleaded guilty to the three offenses for which he was indicted and the appellant pleaded not guilty. After a trial before Judge John M. Cannella, without a jury, Ellenbogen was convicted on all three counts against him in the indictment. He was sentenced to serve sixty days imprisonment on each count, the sentences to run concurrently. On appeal to this court, the judgment of conviction was reversed for Jencks Act violations, 18 U.S.C. § 3500, and the case was remanded for a new trial.[4] Upon retrial before Judge Robert L. Taylor[5] and a jury, Ellenbogen was again found guilty on all three counts, and was sentenced on each to concurrent terms of imprisonment of one year and one day. He appealed to this court and, on September 15, 1966, we affirmed the conviction.[6] Petitions for rehearing and for a stay of the mandate of this court were denied on October 27, 1966. The mandate issued on October 31, 1966, and, on November 28, 1966, Ellenbogen filed a petition for certiorari in the Supreme Court.

The proceedings which give rise to the present appeal took place in January of 1967, during the pendency of the appellant's petition for certiorari in the Supreme Court.[7] On January 6 Ellenbogen moved in the District Court for a reduction of his sentence or for an order suspending execution of the sentence and placing him on probation. The motion was argued before Judge Irving Ben Cooper on January 9, 1967, and was decided on January 12. In his order of that date, Judge Cooper suspended execution of the sentence of one year and one day and placed Ellenbogen on probation for a period of three years. In addition the court imposed a fine of $5000 on the conspiracy count, to be paid as directed by the probation department.[8] As amended

---

1. 18 U.S.C. § 371.

2. 18 U.S.C. § 201.

3. 18 U.S.C. § 202.

4. United States v. Ellenbogen, 341 F.2d 893 (2 Cir.1965).

5. United States District Judge in the Eastern District of Tennessee, sitting in the Southern District of New York by designation.

6. United States v. Ellenbogen, 365 F.2d 982 (2 Cir.1966).

7. Certiorari was denied on February 13, 1967. 386 U.S. 923, 87 S.Ct. 892, 17 L.Ed. 2d 795.

8. The court's order reads as follows:

"The within motion is granted. Pursuant to Rule 35 of the Federal Rules of Criminal Procedure, the sentence imposed on September 23, 1965 is modified as follows:

The defendant Herbert A. Ellenbogen is sentenced to One (1) Year and One Day on each of Counts 1, 2 and 4 to run concurrently with each other. The execution of the prison sentence is suspended and the defendant is placed on probation for a period of Three (3) Years, subject to the standing probation order of this Court; and the defendant is fined $5,000 on Count 1. The fine shall be

judgment of conviction and order of probation was entered accordingly and, on January 16, 1967, Ellenbogen filed a notice of appeal from so much of it as imposed the $5000 fine in connection with count one.

On January 18, 1967, the Government moved for reargument on the ground that the court lacked power to modify its judgment and asked that the order of January 12, 1967 be set aside as void. It asserted the general rule that the docketing of an appeal removes the case in all respects from the jurisdiction of the trial court and that, therefore, the District Court was without jurisdiction of the case on January 12 while Ellenbogen's petition for certiorari was pending. The appellant, on the other hand, though acknowledging the applicability of this rule to a case on appeal, argued that it did not apply to a case during the petition for certiorari. He claimed that, under Rule 35 of the Federal Rules of Criminal Procedure,[9] he might move for a reduction of his sentence for 120 days after the affirmance of his conviction, despite the fact that certiorari review was then being sought in the Supreme Court. While a dictum in Johnson v. United States, 235 F.2d 459, 461 (5 Cir. 1956), suggests that the Fifth Circuit might support the appellant's position, the case of Nemec v. United States, 184 F.2d 355 (9 Cir. 1950), indicates that the Ninth Circuit would not. Faced with no controlling authority on the point from this Circuit, Judge Cooper concluded that there was no distinction between appeal and certiorari which would permit a district court to act during the pendency of the latter, when it clearly could not during the pendency of the former. Accordingly, by order dated January 20,

1967, he set aside the amended judgment of conviction and the order of probation of January 12, 1967, and reinstated the original judgment, without prejudice to renewal of the motion under Rule 35 at an appropriate time upon termination of proceedings in the Supreme Court. On January 24, 1967, Ellenbogen filed a notice of appeal from this order.

The appellant has made essentially the same argument before this court, which he made below, but in so doing he has lost sight of what the District Court's order of January 12, 1967, purported to accomplish. That order, see fn. 8 supra, did not grant a *reduction* of Ellenbogen's sentence of one year and one day, as the appellant's argument assumes; rather it *suspended* the execution of that sentence and ordered that the defendant be placed on probation. The court's purported authority to do this derived, not, as the trial court erroneously assumed, from Rule 35, but from the Probation Act, 18 U.S.C. § 3651, and, therefore, the 120 day limitation in Rule 35 had nothing to do with the case.

■■■■ The confusion arises from a failure to distinguish between the power to correct or reduce a sentence, on the one hand, and the power to suspend the execution of a sentence and to order probation, on the other. The power to reduce is an inherent power of the court and is one aspect of the control which a court retains over a judgment which it has entered. United States v. Benz, 282 U.S. 304, 306–307, 51 S.Ct. 113, 75 L. Ed. 354 (1931). Originally that power was held to expire at the end of the term of court at which the sentence was imposed. See United States v. Claus, 5 F. R.D. 278, 279 (E.D.N.Y.1946). But since the adoption of the Federal Rules

---

paid at such times and in such amounts as the probation department may direct."

**9.** Rule 35 (Correction or Reduction of Sentence) provides:
  "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after

the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law."

of Criminal Procedure in 1946, and the abrogation of any effect of the expiration of term of court, see Rule 45(c), the provisions of Rule 35 have governed the expiration of the power to reduce sentences in the federal system. The time limitation stated in Rule 35, first 60 days, now 120 days, is jurisdictional and cannot, under any circumstances, be extended by order of the court. Criminal Rule 45(b); United States v. Robinson, 361 U.S. 220, 226, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); compare United States v. Howe, 280 F. 815, 817, 23 A.L.R. 531 (2 Cir.), cert. denied 259 U.S. 587, 42 S.Ct. 590, 66 L.Ed. 1077 (1922).

■ But a federal court has no inherent power to suspend the execution of a sentence which it has imposed or to place the defendant on probation. When this was first announced by the Supreme Court in 1916 in the case of Ex Parte United States, 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129 (1916), an abrupt halt was brought to a practice which, by then, had become widespread in the federal system, and which had existed for more than 70 years in this Circuit, see Ackerson v. United States, 15 F.2d 268, 269 (2 Cir.), cert. denied, 273 U.S. 702, 47 S.Ct. 102, 71 L.Ed. 848 (1926), whereby the district courts had exercised a form of probationary power either by suspending sentence or by withholding imposition of sentence and placing a defendant under the supervision of a state probation officer or volunteer. See United States v. Murray, 275 U.S. 347, 354, 48 S.Ct. 146, 72 L.Ed. 309 (1928). But in Ex Parte United States the Supreme Court held that, without congressional authorization, a district court had no power to deal in this fashion with a convicted defendant.

■ About nine years later Congress, by enacting the Probation Act of 1925,[10] empowered the courts to make such dispositions in criminal cases. This is the sole source of the probationary powers exercised by the federal courts today. United States v. Murray, supra; United States v. Benz, supra. Under the Act, a district court is authorized to "suspend the imposition or execution of sentence and place the defendant on probation," 18 U.S.C. § 3651; it has no power to suspend a sentence without also imposing a term of probation, United States v. Graham, 325 F.2d 922, 925 (6 Cir. 1963); United States v. Sams, 340 F.2d 1014, 1020 (3 Cir.), cert. denied 380 U.S. 974, 85 S.Ct. 1336, 4 L.Ed.2d 270 (1965); see also Ackerson v. United States, supra 15 F.2d at 269. The court's authority arises "upon entering a judgment of conviction," 18 U.S.C. § 3651, and it terminates when the convicted defendant actually enters upon the service of his prison sentence, United States v. Murray, supra; Affronti v. United States, 350 U.S. 79, 76 S.Ct. 171, 100 L.Ed. 62 (1955); Ackerson v. United States, supra, 15 F.2d at 269. It follows that once a convicted defendant has commenced to serve his sentence no subsequent order suspending the execution of the balance of the sentence and placing him on probation can be entered. But the beginning of the service of the sentence is the only time limit placed on the exercise of the court's probationary power. The running of the 120 day period provided in Rule 35 has no effect whatsoever upon the power to suspend sentence and to grant probation. Glouser v. United States, 340 F.2d 436, 437 (8 Cir.), cert. denied 381 U.S. 940, 85 S.Ct. 1776, 14 L.Ed.2d 704 (1965); Phillips v. United States, 212 F.2d 327, 334 (8 Cir. 1954); Kelley v. United States, 209 F.2d 638, 639 (10 Cir. 1954); United States v. Ribler, 148 F.Supp. 583, 584 (S.D.N.Y.1956). See also Ackerson v. United States, supra, 15 F.2d at 269; Pernatto v. United States, 107 F.2d 372, 373 (3 Cir. 1939) (term of court). Ellenbogen had not commenced service of his prison sentence by January 12, 1967, when the court attempted to suspend the execution of that sentence and to place him on probation, nor does it appear that he has done so since.[11] We are not,

---

**10.** Now 18 U.S.C. §§ 3651–3656.

**11.** Ellenbogen is now improperly at large. On October 27, 1966, this court denied El-

therefore, concerned with a question whether the District Court had authority under the Probation Act to enter its order. The narrow question presented by this appeal is whether the pendency of a petition for certiorari before the Supreme Court deprives the trial court of jurisdiction to suspend the execution of the petitioner's prison sentence and to place him on probation.

■ There have been cited to us no decisions involving the suspension of the probation power during the pendency of a petition for certiorari, nor are we aware of any. There is, however, settled authority which holds that the power to *reduce* a sentence is suspended during the pendency of an *appeal* from the conviction. Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 32 L.Ed. 204 (1937); United States v. Habib, 72 F.2d 271 (2 Cir. 1934); United States v. Grabina, 309 F.2d 783, 785 (2 Cir. 1962), cert. denied 374 U.S. 836, 83 S.Ct. 1885, 10 L.Ed.2d 1057 (1963). The reason given for this rule is that the docketing of an appeal wholly removes the appealed cause from the jurisdiction of the trial court. It is also reasoned that to permit a modification of the defendant's sentence while his conviction is on appeal would undermine the "finality of judgment" upon which that review is based. Berman v. United States, supra; Phillips v. United States, supra, 212 F.2d at 335. While a technical distinction may be drawn between the present case and those concerning a reduction or correction of a sentence because an order suspending execution of a sentence and granting probation leaves the sentence itself unchanged, see Berman v. United States, supra, 302 U.S. at 213, 58 S.Ct. 164; cf., United States v. Lindh, 148 F.2d 332 (3 Cir. 1944), cert. denied 325 U.S. 859 (1945), while a reduction or correction of sentence does not, the decisions of this Circuit have emphasized the fact that the removal of a case from the district court deprives that court of "jurisdiction" and of the "power" to make "further orders in the appealed cause." United States v. Habib; supra, 72 F.2d at 271; United States v. Grabina, supra, 309 F.2d at 785. See also, Spirou v. United States, 24 F.2d 796, 797 (2 Cir.), cert. denied 277 U.S. 596, 48 S.Ct. 559, 72 L.Ed. 1006 (1928); United States v. Radice, 40 F.2d 445, 446 (1930). This reasoning applies with the same cogency to an order which suspends a sentence and grants probation as it does to an order which merely reduces the sentence originally imposed. In either situation the case is simply not before the trial court during the pendency of proceedings in a higher tribunal.

■ While the cases have been concerned with appeals rather that certiorari, the decisions rest upon a general principle of federal jurisdiction and not on factors peculiar to the relationships between the district courts and the courts of appeals. It is essential to orderly functioning of the procedures for review that once a case has left the district court and is proceeding to the court of appeals and thence to the Supreme Court, the district court cannot make changes in the record of the case or in the disposition made of it.[12] The principle

lenbogen's petition for a stay of its mandate and, on January 3, 1967, Mr. Justice Harlan, Circuit Justice for this Circuit, denied an application for bail pending certiorari in the Supreme Court. The effect of this was to order that the appellant immediately commence serving his sentence of imprisonment. Nevertheless, Ellenbogen was permitted, by order of Chief Judge Sugarman of the Southern District of New York, to remain at large for 72 hours from Friday to Monday until such time as his Rule 35 motion could be heard by Judge Cooper and, thereafter, he was released on his own recognizance for the duration of the present proceedings. This was done in complete disregard of the order of this court and of the action of the Circuit Justice and without authority or color of authority under the Rules, see Criminal Rule 46(a) (2); 8 Moore's Federal Practice ¶ 46.10 at 46–35, or under the Bail Reform Act of 1966, which does not change prior practice in this regard. See 18 U.S.C. §§ 3148, 3146, 3152; 8 Moore's, supra, ¶ 46.10 at 46–34 (1967 Supp. at 89).

12. This does not affect or limit the power of the reviewing court to remand a case to a lower court for a specific purpose while an appeal is pending. See Morgan

that "an appeal suspends the power of the court below to proceed further in the cause," Hovey v. McDonald, 109 U.S. 150, 157, 3 S.Ct. 136, 140, 27 L.Ed. 888 (1883), has long been held to control when a case is on appeal in the Supreme Court, e. g., Draper v. Davis, 102 U.S. 370, 26 L.Ed. 121 (1880); Keyser v. Farr, 105 U.S. 265, 26 L.Ed. 1025 (1882); and it has been invoked in the case of certiorari, Nemec v. United States, 184 F.2d 355 (9 Cir. 1950). There is nothing in the history of Rule 35 to suggest that its draftsmen intended to alter this principle in the case of a motion to reduce sentence. See 5 Orfield, Criminal Procedure Under the Federal Rules, § 35:4, pp. 464–468 (1967). And we see no good reason to create such a special exception under the Probation Act by holding that a district court may suspend a sentence and grant probation after an appeal from the conviction has been taken, but prior to the completion of all stages of direct review.

We stress the time of sentencing as the appropriate occasion for probation to be considered by the trial judge. This emphasis is consistent with both the underlying purpose of the Probation Act and the time when it was intended that the district court should invoke its provisions. The clear purpose of the statute is to authorize a form of punishment without incarceration which may be utilized by a sentencing judge in a case where he believes the defendant will best be rehabilitated without undergoing actual imprisonment. Thus, while the power to grant probation runs up to the time the convicted person is actually incarcerated, "[t]he avoidance of imprisonment at time of sentence was * * the period to which the advocates of a Probation Act always directed their urgency." United States v. Murray, supra, 275 U.S. at 357–358, 48 S.Ct. at 149.

In contrast to this, the motion to reduce sentence, under Rule 35, is founded upon the assumption that a certain amount of time has passed between the imposition of the sentence and the time when the court's power to reduce or correct it is sought to be invoked by the convicted defendant. The motion to reduce a sentence is "essentially a plea for leniency," Poole v. United States, 102 U.S.App.D.C. 71, 250 F.2d 396, 401 (1957); 8 Moore's Federal Practice ¶ 35.02 [1] at 35–2.2–35.3 (1967). Rule 35 is intended to give every convicted defendant a second round before the sentencing judge, and at the same time, it affords the judge an opportunity to reconsider the sentence in the light of any further information about the defendant or the case which may have been presented to him in the interim. See 5 Orfield, supra, § 35:4 at 466 n. 3. In this regard it is not without significance that Congress has never specifically provided a similar "second chance" for probation under the provisions of the Probation Act.

Since we hold that the district court had no jurisdiction over this case on January 12, 1967, and dismiss the appeal on that ground, the other points raised by the appellant in his brief are not properly before us, and we express no opinion as to their merits.[13]

The appeal is dismissed.

v. United States, 303 F.2d 647 (9 Cir. 1962), cert. denied 372 U.S. 955, 83 S.Ct. 953, 9 L.Ed.2d 979 (1963); United States v. Habib, supra, 72 F.2d at 272; and compare Federal Rules of Criminal Procedure, Rule 33. See also United States v. Desist, 384 F.2d 889 (2 Cir.1967).

13. Ellenbogen argues that his sentence of one year and one day is illegal because it is greater than the sentence of 60 days imposed after his first trial and conviction. He raised this same argument on his second appeal to this court in 1966 and we disposed of it then, along with numerous other points he had raised, in the final sentence of the opinion. United States v. Ellenbogen, 365 F.2d 982, 989 (2 Cir. 1966). Since that decision, other courts have considered the point, but without uniformity of result. Compare Marano v. United States, 374 F.2d 583 (1 Cir.1967) and Patton v. State of North Carolina, 381 F.2d 636 (4 Cir.1967) (increase illegal) with United States ex rel. Starner v. Russell, 378 F.2d 808 (3 Cir. 1967) (increase legal); and see Note, 80 Harv.L.Rev. 891 (1967).