UNITED STATES of America,
Plaintiff-Appellee,

v.

Jo Anna Newby CARAWAY, a/k/a Jo Newby and Daniel Elden Scales, Defendants-Appellants.

No. 72–2198.

United States Court of Appeals,
Fifth Circuit.

Aug. 3, 1973.

Melvyn Kessler, Miami, Fla.16 (Court appointed) for Caraway.

Sky E. Smith, Miami, Fla. (Court appointed) for Scales.

Robert W. Rust, U. S. Atty., Lawrance B. Craig, II, Asst. U. S. Atty., Miami, Fla., Elliot L. Richardson, Acting Atty. Gen., Robert A. Patterson, Asst. Atty. Gen., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and RIVES, WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

It now appears that the indictment underlying the appeal in this matter was dismissed by the district court following reversal by a panel of this court, United States v. Caraway, 5 Cir., 1973, 474 F.2d 25, but prior to the issuance of the mandate of this court and prior to the sua sponte determination of the court to consider the appeal en banc. Based on these facts, the parties urge that the appeal is moot. We agree.

The judgments of conviction giving rise to the appeal as well as the panel opinion of this court, supra, are vacated. The indictment having been dismissed, it will be necessary to remand to the district court only for the purpose of setting aside the judgments of conviction on the ground of mootness. See United States v. Munsingwear, 1950, 340 U.S. 36, 39–40, 71 S.Ct. 104, 95 L.Ed. 36; Troy State University v. Dickey, 5 Cir., 1968, 402 F.2d 515, 516–517; Lebus Regional Director v. Seafarers' Int'l Union, 5 Cir., 1968, 398 F.2d 281, 283, on the procedure to be followed by an appellate court in terminating a case by reason of mootness.

The judgments of conviction and the panel opinion are vacated; the cause is remanded with direction that the judgments of conviction be set aside for mootness.

RIVES, Circuit Judge, with whom WISDOM, GOLDBERG, and GODBOLD, Circuit Judges, join, dissenting:

With deference, I submit that careful consideration of the record facts in connection with well-settled rules of law refutes the holding of the en banc Court that this appeal is moot.

The original panel opinion entered January 15, 1973, directed that the judgments of conviction against Caraway and Scales should be reversed and that their cases should be remanded.[1] Sixteen days later, on January 31, 1973, the district court attempted to dismiss the indictments on which the convictions were based. That was five days before the expiration of the twenty-one days usually allowed for the mandate to issue. Rule 41, F.R.A.P. To this good day the mandate has not issued.[2]

---

1. The opinion as amended February 14, 1973 is published in 474 F.2d 25–32.

2. By memorandum dated January 23, 1973, the Chief Judge directed the Clerk as follows:
   "Subject: No. 72–2198—U. S. v. Caraway [Jan. 15, 1973, RTR, HT, ILG]
   No. 72–1352—U. S. v. Sepe [Jan. 4, 1973, JPC, ILG, JCG]
   "As I have written the two panels of some concerns I have about these two opinions, will you please hold up the issuance of the mandate until you receive further instructions from the respective panels."

On February 14, 1973, the panel amended its opinion but did not change its decision. Upon receipt of the amended opinion the District Clerk advised the Clerk of this Court of the attempted dismissal of the indictments. On April 4, 1973, the following order was entered in this cause:

"BY THE COURT:

"A majority of the Judges in active service, on the Court's own motion, having determined to have this case reheard en banc,

"IT IS ORDERED that this cause shall be reheard by the Court en banc on briefs without oral argument. The Clerk will specify a briefing schedule for the filing of supplemental briefs."

The Clerk mailed to all counsel of record a letter specifying a briefing schedule in this appeal and in No. 72–1352, United States v. Sepe, 5 Cir., 474 F.2d 784, which directed counsel as follows:

"The principle question on which the supplemental briefs are desired in both of the cases, is the validity of the procedure allowing nolle plea with expectation of an appeal, and whether with or without agreement of the District Court the Court of Appeals, has or can take jurisdiction of such an appeal.

"In addition, in the *Caraway* case, the Court also desires specific supplemental briefs on the possible mootness of that case and the appropriate order, if any, to be entered in view of the dismissal of the indictment by the District Court. The parties are specifically requested to agree on the mutually accepted statement of facts with respect to the mootness problem."

On May 31, 1973, the United States filed a brief limited to the question of mootness. The "Argument" section is truly brief and can conveniently be quoted:

"While there is some support for the proposition that this Court can recall its mandate to prevent injustice, no support has been found for the proposition that this can be done following dismissal of the cause of action.

The courts have long recognized that an appellate court can recall its mandate during the term of court in which it is issued, Bronson v. Schulten, 104 U.S. 410, 415 [26 L.Ed. 797]; Sun Oil Company v. Burford, 130 F.2d 10, 13 (C.A. 5) reversed on other grounds, 319 U.S. 315 [63 S.Ct. 1098, 87 L.Ed. 1424]; Meredith v. Fair, 306 F.2d 374, 375 (C.A. 5); Gradsky v. United States, 376 F.2d 993, 995 (C.A. 5); Greater Boston Television Corporation v. F.C.C. [149 U.S.App.D.C. 322], 463 F.2d 268, 276–279 (C.A.D. C.); See generally Rules 1(b)2, 26(b) and 41(b), Fed.R.App.P. These instances, however, entail situations where a party is suffering continuing disabilities from enforcement of the mandate such as incarceration, monetary penalty, injunctive prohibition, or subjection to administrative regulation. Where, as here, the parties are subject to no liabilities as a consequence of enforcement of the mandate the case does not appear to possess the requisite adversary quality to constitute a case or controversy cognizable by the appellate court, and consequently there is, 'no longer a subject matter on which the judgment of [the] Court could operate,' St. Pierre v. United States, 319 U.S. 41, 42 [63 S.Ct. 910, 87 L.Ed. 1199]. Although the Court later modified the specific holding in *St. Pierre,* it continued to recognize that, 'a criminal case is moot . . . if it is shown that there is no possibility that any collateral legal consequences will be imposed,' Sibron v. New York, 392 U.S. 40, 57 [88 S.Ct. 1889, 20 L.Ed.2d 917]. Since no further action is possible on the dismissed charges, it is

clear that appellants can suffer no legal consequences thereon.[1]

"[1] Moreover, since the government was the party that moved the dismissal, the government could not appeal the granting of that motion."

Instead of filing a brief, the attorneys for the defendants-appellants mailed a letter to the Chief Deputy Clerk, dated May 31, 1973, the body of which reads:

"This is to advise you that undersigned counsel concurs with the conclusion reached by the United States Attorney, Robert B. Patterson in his supplemental brief on mootness in the above styled cause. Therefore, it is the opinion of the undersigned counsel that the above styled cause is moot as to further consideration by this Honorable Court."

I take no issue with the legal principles stated in the government's "Argument." To the contrary, I think those principles sound when applied to a case in which the mandate has been issued by the appellate court. They simply do not apply to the present case in which no mandate has issued. Peculiarly, the principle last stated does become applicable once the en banc per curiam order in the present case has been entered. Once the en banc Court has held that this appeal is moot, it has no further jurisdiction except for the limited purposes recognized in the cases cited in the en banc order. It does not have jurisdiction to enter what amounts to a decision on the merits of the present appeal by setting aside the judgments of conviction, vacating the panel decision, and —to make doubly certain—remanding the cause with direction that the district court also set aside the judgments of conviction.

Be that as it may, at the risk of being tedious, I have stated in some detail the present status of this appeal, because I submit that the record facts clearly demonstrate that the district court had no

jurisdiction to dismiss the indictments on which the convictions were based, and hence that this appeal is not moot.

So far as I am aware, the rule in all courts, both state and federal, is that an appeal, duly perfected, divests the trial court of jurisdiction and transfers jurisdiction to the appellate court where it remains until the appellate proceeding terminates and the trial court regains jurisdiction. As said by Chief Justice Hughes for a unanimous Court in Berman v. United States, 1937, 302 U.S. 211, 214, 58 S.Ct. 164, 166, 82 L.Ed. 204:

"As the first sentence was a final judgment and appeal therefrom was properly taken, the District Court was without jurisdiction during the pendency of that appeal to modify its judgment by resentencing the prisoner. Draper v. Davis, 102 U.S. 370, 371, [26 L.Ed. 121]; Keyser v. Farr, 105 U.S. 265, 266, 26 L.Ed. 1025; Spirou v. United States [2 Cir.], 24 F.2d 796, 797; United States v. Radice [2 Cir.], 40 F.2d 445, 446; United States v. Habib [2 Cir.], 72 F.2d 271."

See also United States v. Chapman, 3 Cir. 1971, 448 F.2d 1381, 1388 n. 11; United States v. Mack, 1972, 151 U.S. App.D.C. 162, 466 F.2d 333, 340; United States v. Ellenbogen, 2 Cir. 1968, 390 F.2d 537, 542–543; United States v. Grabina, 2 Cir. 1962, 309 F.2d 783, 785; Dickinson v. Rinke, 2 Cir. 1943, 132 F.2d 884, 885; Rogers v. Consolidated Rock Products Co., 9 Cir. 1940, 114 F.2d 108, 111.

Equally universal is the rule that the time at which jurisdiction revests in the trial court is the date of the issuance of the appellate court's mandate. As said by this Court: "* * * a Court of Appeals retains jurisdiction, and none is relinquished to the district court, until a mandate or judgment is issued." Gill v. C.I.R., 1962, 306 F.2d 902, 906.[3]

3. In that case the opinion of the Court of Appeals was issued on July 18, 1958, but the mandate of the court was not issued until September 29, 1958. The court held that the date of the mandate was the ear-

liest date at which there was a determination of error in computing income tax and, hence, that notice of deficiency mailed on September 28, 1959 was within the one-year statutory period and was timely.

Clearly, I submit this appeal should not be dismissed as moot. True, insofar as the parties are concerned the result of the per curiam order of the en banc court is the same as that envisioned by the panel's opinion. That result could properly have been accomplished if the order of the district court had been entered after the issuance of a mandate. Nonetheless, the question of jurisdiction as between the trial court and the appellate court is a matter of extreme importance. The end does not justify the means.

An incidental *effect* of the en banc court order, which I emphasize was *not intended,* is to exclude me from participation in decision of the question intended to be considered en banc. That *effect* circumvents the provision of 28 U.S.C. § 46(c) that, "A circuit judge of the circuit who has retired from regular active service shall also be competent to sit as a judge of the court in banc in the rehearing of a case or controversy if he sat in the court or division at the original hearing thereof." Much as it might relieve me, I cannot tamely submit to that effect both because temperamentally I am not so inclined and because of the well-established rule that, while it is a Judge's duty to refuse to sit when he is disqualified, " * * * it is equally his duty to sit when there is no valid reason for recusation." Edwards v. United States, 5 Cir. 1964, 334 F.2d 360, 362 n. 2.[4]

Let us clearly understand what the en banc majority is holding. Its holding is that the district court's attempted dismissal of the indictments following the original panel opinion but prior to issuance of the mandate operates to moot the appeal. The en banc majority holds that, though no mandate has issued, the district court has jurisdiction to render the appeal moot by dismissing the indictments. Meanwhile, this Court is staying its mandate in order to determine the validity of the procedure by which it originally took jurisdiction of the appeal. Thus the district court can deprive this Court of jurisdiction to consider and decide the case en banc.

Since January 15, 1973, when the district court attempted to dismiss the indictments, the procedural status of the case has radically changed. This Court has, as of April 4, 1973, "ORDERED that this cause shall be reheard by the Court en banc on briefs without oral argument." The case has not yet been so reheard. Assuming that it is reheard, this Court has the alternative of holding for or against the validity of the procedure allowing an appeal from a conviction based on a nolle plea entered with reservation of the right to appeal, with the permission of the district court, later approved by the Court of Appeals, or of holding that the Court of Appeals acquired no jurisdiction to reverse the judgments of conviction based on nolle pleas. If the en banc Court should

Thus the quoted language from the *Gill* opinion was not dictum but was the actual holding of the court. To like effect, see Lim Kwock Soon v. Brownell, 5 Cir. 1966, 369 F.2d 808; Ferrell v. Trailmobile, Inc., 5 Cir. 1955, 223 F.2d 697; Krock v. Electric Motor & Repair Co., 1 Cir. 1964, 339 F.2d 73, 74; Butcher & Sherrerd v. Welsh, 3 Cir. 1953, 206 F.2d 259, 262, cert. denied 346 U.S. 925, 74 S.Ct. 312, 98 L.Ed. 418; Walsh Const. Co. v. United States Guarantee Co., 8 Cir. 1935, 76 F.2d 240, 243; Abrams v. Scott, 357 Mo. 937, 211 S.W.2d 718, 721; Turner v. Bragg, 114 Vt. 334, 44 A.2d 548, 549; Horton v. State, 63 Neb. 34, 88 N.W. 146, 147; Egbert v. St. Louis & S.F. R. Co., 50 Okl. 623, 151 P. 228, 230; State v. Casey, 108 Or. 386, 217 P. 632,

633; 3 Barron & Holtzoff (Wright) (Rules ed.) § 1332, pp. 435–438; 5B C.J.S. Appeal and Error § 1959, p. 530 n. 12; 36 C.J.S. Federal Courts § 301(32), p. 1371 n. 1.

4. To like effect, see Laird v. Tatum, 1972, 409 U.S. 824, 837, 93 S.Ct. 7, 34 L.Ed.2d 50; Walker v. Bishop, 8 Cir. 1969, 408 F.2d 1378, 1382; Wolfson v. Palmieri, 2 Cir. 1968, 396 F.2d 121, 124, et seq.; United States v. Hoffa, 6 Cir. 1967, 382 F.2d 856, 861, cert. denied 390 U.S. 924, 88 S.Ct. 854, 19 L.Ed.2d 984; Tynan v. United States, 1967, 126 U.S.App.D.C. 206, 376 F.2d 761, 764; Simmons v. United States, 3 Cir. 1962, 302 F.2d 71, 75; In re Union Leader Corp., 1 Cir. 1961, 292 F.2d 381, 391; Tucker v. Kerner, 7 Cir. 1950, 186 F.2d 79, 85.

reach the latter determination, the original judgments of conviction would remain intact and not subject to review.

In short, the government moved in the district court to dismiss the indictments against Caraway and Scales under the pressure of the opinion and decision of the original panel. It mistakenly assumed that the mandate had issued and that the district court had re-acquired jurisdiction of the case. Naturally the defendants consented. The parties being agreed, the district court failed to appreciate the fact that the mandate had not issued. Now, after the government discovers that the en banc Court may set aside the reversal and may leave the judgments of conviction intact and no longer subject to review, it would have no apparent reason to agree with the defendants that their judgments of conviction be set aside for mootness. Without more appearing, neither the district court nor this Court would approve any such agreement. The record facts considered in the light of well-settled rules of law conclusively demonstrate that this appeal is not moot.

I therefore respectfully dissent.