**THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,  )
)
v.  )  ID No. 1709005240
)
SANDY D. LASHLEY,  )
)
Defendant.  )

Submitted: May 23, 2024[1] and May 30, 2024[2]
Decided: October 29, 2024

**ORDER DENYING
POSTCONVICTION RELIEF AND SENTENCE MODIFICATION**

Upon consideration of Sandy D. Lashley's pro se motions for sentence modification and postconviction relief, Superior Court Criminal Rules 35(b) and 61, statutory and decisional law, and the record, it appears that:

**BACKGROUND**

On September 7, 2017, Sandy D. Lashley shot Allen Melton during a quarrel at the corner of Cedar and Anchorage Streets in Wilmington, Delaware.[3] Melton died from his injuries.[4] Lashley fled the scene, was apprehended in New York, and

---

[1] Defendant's Rule 35(b) motion was filed on May 23, 2024. Docket Item ("D.I.") 46.

[2] Defendant's Rule 61 motion was filed on May 30, 2024. D.I. 47.

[3] D.I. 45 at 2. This recitation of the factual and legal background is taken from this Court's June 21, 2021 Order (D.I. 45) adopting a Commissioner's Report and Recommendation (D.I. 43) to deny Lashley's June 18, 2020 motion for postconviction relief (D.I. 35).

[4] D.I. 45 at 2.

1

extradited back to Delaware.[5]

On March 26, 2018, the State indicted Lashley for Murder First Degree ("Murder 1st") and Possession of a Firearm During the Commission of a Felony ("PFDCF") for Melton's death.[6] Had Lashley been convicted of both, he would have faced a mandatory term of life imprisonment for the Murder 1st charge and a minimum–mandatory of 3, up to 25, years in prison on the PFDCF charge.[7]

On May 23, 2019, Lashley elected to plead guilty to Murder Second Degree ("Murder 2nd" (as a lesser-included offense of Murder 1st)) and PFDCF, substantially limiting his total potential incarceration.[8] When he tendered his guilty plea, Lashley understood he faced at least 15 years for the Murder 2nd conviction and 3 years for the PFDCF conviction—a total minimum-mandatory sentence of 18 years at Level V.[9] He also acknowledged that the judge could sentence him in excess of what was recommended on the plea agreement[10] Sentencing was deferred so the parties could submit sentencing memoranda in support of their respective

---

[5] D.I. 45 at 2.

[6] D.I. 1.

[7] D.I. 43 at 1.

[8] As part of the plea agreement, the State also agreed to cap its recommendation of total unsuspended prison time at 25 years.

[9] D.I. 44 at 5:4–6:18.

[10] *Id.* at 4:10–13.

positions.[11]

On July 19, 2019, this Court sentenced Lashley on the charge of Murder 2nd to 25 years at Level V, with 15 of those years being minimum-mandatory, followed by lesser levels of incarceration and probation.[12]  On the PFDCF conviction, the Court sentenced Lashley to three years minimum-mandatory at Level V.[13]  In total, Lashley's unsuspended Level V time was 23 years, with 18 of those years being minimum-mandatory Level V-time.[14] Lashley did not file a direct appeal.

On October 19, 2019, counsel for Lashley timely moved for sentence modification ("First Rule 35(b) Motion") offering additional character evidence.[15] This Court denied that motion by Order dated December 12, 2019.[16]

On June 18, 2020, counsel for Lashley timely moved for postconviction relief ("First Rule 61 Motion") raising four claims: (1) his rights were violated when he was sentenced outside SENTAC guidelines; (2) his rights were violated because the State failed to take his mental health and past abuse into account in sentencing; (3) his counsel was ineffective because he coerced Lashley, who was purportedly

---

[11] *Id.* at 8:7–9:19.

[12] D.I. 29.

[13] *Id.*

[14] *Id.*

[15] D.I. 31.

[16] D.I. 32.

illiterate and incompetent at the time, to accept the guilty plea; and (4) his counsel was ineffective for coercion and not understanding Lashley's claim of actual innocence.[17]   By Order dated June 21, 2021, this Court adopted the Commissioner's Report and Recommendation to deny the First Rule 61 Motion.[18] Specifically, this Court held the claims raised in the motion were all waived upon the entry of Lashley's guilty plea, the first two claims were also procedurally barred, and all the claims were without merit.[19]

On May 23, 2024, Lashley filed pro se his second Rule 35(b) Motion ("Second Rule 35(b) Motion").[20] Six days later, on May 30, 2024, Lashley filed pro se his second Rule 61 Motion ("Second Rule 61 Motion").[21]   This is the Court's decision denying both motions.

## DISCUSSION

Lashley's motions fail on multiple fronts.   Sentence modification and postconviction relief are available only to those who overcome the procedural hurdles of Rules 35 and 61 and substantively merit such relief. For the reasons explained below, this Court finds Lashley's motions are untimely, repetitive, and

---

[17] *See* D.I. 35.

[18] D.I. 43, 45.

[19] D.I. 45 at 4–5.

[20] D.I. 46.

[21] D.I. 47.

meritless.

## I.     Rule 35(b)

Superior Court Criminal Rule 35(b) permits this Court to "reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed."[22] Rule 35(b) provides the "sentencing judge a second chance to consider whether the initial sentence is appropriate"[23] and gives the Court broad discretion to decide if it should alter its judgment.[24]   The Court may consider reducing the term or conditions of confinement or probation at any time.[25]   The movant bears the burden to establish cause to modify a lawfully imposed sentence.[26]   While the rule does not set forth specific criteria necessary to sustain this burden of proof, "common sense dictates that the Court may modify a sentence if present circumstances indicate that the previously imposed sentence is no longer appropriate."[27]

---

[22] Super. Ct. Crim. R. 35(b).

[23] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam); *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Dec. 16, 2014) (explaining time limitation and purpose of then-existent sentence reduction provision of Fed. R. Crim. P. 35, the federal analogue to current Criminal Rule 35(b) (citing *United States v. Ellenbogen*, 390 F.2d 537, 541–43 (2d. Cir. 1968))).

[24] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment." (first citing Del. Super. Ct. R. 35(b); and then citing *Rondon v. State*, 2008 WL 187964 (Del. Jan. 15, 2008))).

[25] *Id.*

[26] *State v. Evans*, 2024 WL 36518, at *2 (Del. Super. Jan. 3, 2024) (citation omitted).

[27] *Id.* (citing *State v. Bailey*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017)).

5

Rule 35(b) motions that are not filed within 90 days are generally time-barred; the Court will only consider such motions under "extraordinary circumstances" or under 11 *Del. C.* § 4217.[28]  Delaware law places a heavy burden on the movant to establish "extraordinary circumstances" to "uphold the finality of judgments."[29]  An untimely Rule 35(b) motion may be excused when there are circumstances that "specifically justify the delay, are entirely beyond a petitioner's control, and have prevented the applicant from seeking the remedy on a timely basis."[30]

Lashley's Second Rule 35(b) Motion argues he is entitled to sentence modification on five grounds: (1) he completed an anger management program; (2) he enrolled in a GED program; (3) he could have raised an affirmative defense—the use of force to protect another person;[31] (4) his counsel was ineffective for failing to raise that affirmative defense; and (5) his consecutive prison sentences should be modified to run concurrently, rather than consecutively.[32]  This Court concludes Lashley's Second Rule 35(b) Motion must be denied because it is time-barred, repetitive, and meritless.

---

[28] Super. Ct. Crim. R. 35(b).

[29] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015).

[30] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (quoting *Diaz*, 2015 WL 1741768, at *2) (internal quotations omitted).

[31] *See* 11 *Del. C.* § 465.

[32] D.I. 46 at 2–3.

### A.    The Second Rule 35(b) Motion is time-barred.

It is undisputed the instant motion was filed over four years after the imposition of sentence—well outside the 90 days required by Rule 35(b). As such, Lashley bore the burden to establish "extraordinary circumstances" to excuse his untimely filing. He failed to do so; that is, none of his claims "specifically justify the delay," show it was "entirely beyond [Lashley's] control, or "prevented [him] from seeking the remedy on a timely basis."[33]   Because Lashley's claims do not overcome the high bar of proving "extraordinary circumstances" that an untimely movant seeking modification must carry, Defendant's Second Rule 35(b) Motion is time-barred.

### B.    The Second Rule 35(b) Motion is repetitive.

This Court does not consider repetitive requests for reduction or modification of sentence.   Criminal Rule 35(b) provides that "[t]he court *will not* consider repetitive requests for reduction of sentence."[34]   Unlike the 90-day jurisdictional limit with its "extraordinary circumstances" exception, the bar to repetitive motions has no exception.   The bar is absolute and flatly "prohibits repetitive requests for reduction of sentence."[35]   Here, Lashley already filed a Rule 35(b) motion in 2019,

---

[33] *Culp*, 152 A.3d at 145.

[34] Super. Ct. Crim. R. 35(b) (emphasis added).

[35] *Thomas v. State*, 2002 WL 31681804, at *1 (Del. Nov. 25, 2002).   *See also Jenkins v. State*, 2008 WL 2721536, at *1 (Del. July 14, 2008) (explaining Rule 35(b) "prohibits the

7

which was considered and denied by this Court. Thus, the Second Rule 35(b) Motion is repetitive and must be denied.

### C.    The Second Rule 35(b) Motion is meritless.

Even if it were not time-barred and repetitive, the Second Rule 35(b) Motion lacks merit.

First, while commendable, an inmate's exemplary conduct or successful rehabilitation while incarcerated do not constitute "extraordinary circumstances" warranting a reduction in sentence.[36]   It follows that Lashley's completion of anger management classes and enrollment in a GED program do not compel this Court to grant him relief from his lawfully imposed sentence.

Second, a defendant's representations at a plea colloquy constitute a "formidable barrier in any following collateral proceedings."[37]   A defendant is bound

---

filing of repetitive sentence reduction motions."); *Morrison v. State*, 2004 WL 716773, at *2 (Del. Mar. 24, 2004) (explaining the "motion was repetitive, which also precluded its consideration by the Superior Court" (citing *Webster v. State*, 2002 WL 487177 (Del. 2002))).

[36] *Culp*, 152 A.3d at 145–46; *State v. Liket*, 2002 WL 31133101, at *2 (Del. Super. Sept. 25, 2002) (explaining that exemplary conduct or successful rehabilitation during incarceration does not qualify as "extraordinary circumstances" and relief for such achievements is more properly addressed to the parole board). *See also United States v. LaMorte*, 940 F. Supp. 572, 578 (S.D.N.Y. 1996) (noting that "[w]hile defendant's educational endeavors in prison and his diligent performance of prison job assignments are laudable accomplishments, they do not justify a reduction in sentence." (quoting *United States v. Arcaro*, 1992 WL 73366, at *1 (S.D.N.Y. Apr. 1, 1992))).

[37] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997) (quoting *Voytik v. United States*, 778 F.2d 644, 648 (8th Cir. 1989)).

by his answers on the guilty plea form and by his testimony at the plea colloquy in the absence of clear and convincing evidence to the contrary.[38] Regarding Lashley's purported affirmative defense—and his counsel's failure to raise same—this Court has already found Lashley is bound by the representations he made to this Court at the time he entered his plea, including his satisfaction with his counsel's representation.[39] Moreover, Lashley's sentence was imposed pursuant to a Plea Agreement with the State and signed by Lashley.[40] Under Superior Court Criminal Procedure Rule 11(c)(1), this Court addressed Lashley personally in open court and determined that he understood the nature of the charge to which the plea was offered, the minimum-mandatory penalties provided by law, and the maximum possible penalty provided by law.[41] Lashley acknowledged the range of possible penalties included the sentence that was imposed by this Court.[42]

Likewise, Lashley's current claim that his counsel was ineffective for failing to raise an affirmative defense contradicts Lashley's admissions during the plea colloquy that he recklessly caused the death of Melton under circumstances that

---

[38] *State v. Harden*, 1998 WL 735879, *5 (Del. Super. Jan. 13, 1998) (citations omitted); *State v. Stuart*, 2008 WL 4868658, *3 (Del. Super. Oct. 7, 2008) (citing *Savage v. State*, 815 A.2d 349, 349 (Del. 2002)).

[39] D.I. 45 at 4.

[40] *See* D.I. 29.

[41] D.I. 44 at 6:13–21. Citations to the Plea Colloquy transcript are in the form "Tr. #."

[42] Tr. 6:13–21.

9

manifested cruel, wicked, and depraved indifference to human life and was guilty of Murder 2nd and knowingly and unlawfully possessed a firearm during the commission of the murder—statements that are presumed to be true.[43]

Lashley's fifth claim for sentence modification, that his Level V-time must run concurrently rather than consecutively, similarly falls flat. The 15-year sentence imposed for Murder 2nd and the 3-year sentence imposed for PFDCF are mandatory and cannot be reduced or suspended. While this Court has wide discretion to reduce a sentence upon a timely Criminal Rule 35(b) application, this Court cannot reduce or suspend the mandatory portion of any substantive minimum sentence.[44] Moreover, in considering the appropriate sentence to impose, this Court reviewed detailed submissions by the parties, a pre-sentence investigation, SENTAC guidelines, and the statutory range of penalties for each offense set by the legislature.

Just as this Court found when it denied the First Rule 35(b) Motion, Lashley's sentence remains appropriate for all the reasons stated at the time of sentencing. No additional information has been provided to the Court that would warrant a reduction

---

[43] Tr. 7–8; *Somerville,* 703 A.2d at 631–32 ("[A] defendant's statements to the Superior Court during the guilty plea colloquy are presumed to be truthful." (first citing *Davis v. State*, 1992 WL 401566 (Del. Super. Dec. 7, 1992); and then citing *Bramlett v. A.L. Lockhart*, 876 F.2d 644, 648 (8th Cir. 1989))).

[44] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("[Rule] 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.") (emphasis in original).

or modification of this sentence. This Court finds the sentence imposed was well within the statutory guidelines, as well as reasonable and just under the circumstances presented. Thus, this Court finds Lashley has not demonstrated cause for the relief sought in the Second Rule 35(b) Motion.

## II. Rule 61

Superior Court Criminal Rule 61 governs postconviction relief. The limited scope of Rule 61 is to provide incarcerated individuals a chance to seek redress from a prior sentence of this Court by "setting aside a judgment of conviction" because the Court "lacked jurisdiction to enter the judgment or on any other ground that is a sufficient factual and legal basis for a collateral attack upon a criminal conviction[.]"[45] The purpose of the rule is to avoid giving defendants "unlimited opportunities to relitigate their convictions."[46] Indeed, before addressing the merits of any postconviction relief claims, this Court must consult the four procedural bars set forth in Rule 61(i)(1)–(4):[47] timeliness,[48] repetitiveness,[49] procedural default,[50]

---

[45] Super. Ct. Crim. R. 61(a)(1).

[46] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).

[47] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990). Please note the completion of anger management is listed as both ground 1 and ground 4 in the motion.

[48] Super. Ct. Crim. R. 61(i)(1) provides that a motion for postconviction relief is untimely if it is filed more than one year after a judgment of conviction is final.

[49] Super. Ct. Crim. R. 61(i)(2) bars the consideration of repetitive motions, with limited exceptions.

[50] Super. Ct. Crim. R. 61(i)(3) bars consideration of any claim not asserted in the

11

and former adjudication.[51] If any of those procedural bars exist, the movant must establish he falls within an exception under Rule 61(i)(5). [52] Rule 61(i)(5)[53] states the procedural bars of Rule 61(i)(1)-(4) do not apply to a claim "that the court lacked jurisdiction" or when the "movant was convicted after a trial" and a claim is made with particularity that: (1) "new evidence exists that creates a strong inference the movant is actually innocent of the underlying conviction" or (2) "a new rule of constitutional law" exists that applies to collateral review of the case and renders the conviction invalid."[54]

Lashley's Second Rule 61 Motion raises three claims for relief: (1) he has

---

proceedings leading up to the judgment of conviction unless the movant can show "cause for relief from the procedural default" and "prejudice from violation of movant's rights."

[51] Super. Ct. Crim. R. 61(i)(4) bars consideration of any ground for relief formerly adjudicated in the case.

[52] *State v. Taylor*, 2017 WL 5054262, at *2 (Del. Super. Ct. Oct. 23, 2017). If any of these bars apply, then the inmate must show entitlement to relief under Rule 61(i)(5). *Id.*

[53] Super. Ct. Crim. R. 61(i)(5) states "[t]he bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule."

[54] Super. Ct. Crim. R. 61(i)(2). The "interests of justice" exceptions under Rule 61(d)(2) require a movant who has been convicted *after a trial*:

> (i) plead[] with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

> (ii) plead[] with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

completed an anger management program; (2) he is enrolled in a GED program; and (3) his killing of Melton was a justifiable act in the defense of another person.[55] This Court finds Lashley's Second Rule 61 Motion must be summarily dismissed because all his claims are procedurally barred.[56]

**1. The Second Rule 61 Motion claims are untimely.**

Under Rule 61(i)(1) a postconviction motion is untimely if it is "filed more than one year after the judgment of conviction is final."[57] When a defendant does not file a direct appeal, the conviction is deemed final 30 days after sentencing.[58] Lashley was sentenced on July 19, 2019.[59]  Because he did not file a direct appeal, his conviction became final on August 18, 2019.  Lashley's Second Rule 61 Motion was filed on May 30, 2024—well after the expiration of the one-year time bar.  Because Lashley's Second Rule 61 Motion is untimely, all his claims are procedurally barred under Rule 61(i)(1), unless he can establish an interest of justice

---

[55] D.I. 47 at 3. But, here, Lashley did not make a claim of ineffective assistance of counsel as he did in the Second Rule 35(b) Motion. Additionally, the completion of anger management is listed as both ground 1 and ground 4.

[56] Lashley first two asserted bases for relief—the anger control and GED classes—do not justify collateral attacks upon his conviction or sentence; instead, they are plainly requests for sentence modification.  This Court does not, however, reach that question because it finds all Lashley's claims are procedurally barred.

[57] Super. Ct. Crim. R. 61(i)(1).

[58] Super. Ct. Crim. R. 61(m)(1).

[59] D.I. 29.

exception.[60]   Here, none of the Rule 61(i)(5) interest of justice exceptions apply because Lashley is not challenging this Court's jurisdiction, claiming new evidence exists, or alleging a retroactive law renders his conviction invalid.   Thus, Lashley's motion is time barred and this Court need not reach the merits.

### 2. The Second Rule 61 Motion claims are repetitive.

In addition to being untimely, Lashley's Second Rule 61 Motion is repetitive. This Court denied his First Rule 61 Motion in 2021.   Rule 61(i)(2) bars the consideration of any ground for relief that was not asserted in a prior postconviction proceeding unless consideration of the claim meets an exception under Rule 61(d)(2)(i) or (ii).[61]   Lashley did not assert the use of force in defense of others as an affirmative defense in his prior motion.   Nor does he establish an exception for the Court to consider his claims now.[62]   Because Lashley's motion is repetitive and he cannot establish an exception that would require this Court to consider his new claims, they are procedurally barred by Rule 61(i)(2).

### 3. The Second Rule 61 Motion claims fail to show cause or prejudice.

In addition to being untimely and successive, Lashley's Second Rule 61 Motion is barred because he asserts a new ground for relief that was not asserted in

---

[60] *See supra,* note 54.

[61] Super. Ct. Crim. R. 61(i)(2).

[62] *See* Rule 61(d)(2)(i) and (ii).

14

*the proceedings leading to his convicti*on: use of force in defense of another.[63]   Rule

61(i)(3) states "[a]ny ground for relief that was not asserted in the proceedings

leading to the judgment of conviction, as required by the rules of this Court, is

thereafter barred, unless the movant shows (A) Cause for relief from the procedural

default and (B) Prejudice from violation of the movant's rights.'"[64] It follows that

cause and prejudice must be established for the Court to consider a procedurally

defaulted claim.[65]

Since Lashley did not raise use of force as a defense in the proceedings leading

to his conviction and sentence, he must establish both cause and prejudice from a

violation of his rights to do so now.[66]   Lashley has done neither.   Lashley did not

offer any argument or evidence to establish "cause" for this Court to consider his

procedurally defaulted claim.   As this Court explained in *State v. White*:

> To show cause, a Rule 61 movant must allege more than the fact that a
> claim was not raised earlier in the process; he must "show some
> external impediment" prevented him from constructing or raising the
> claim.  A movant's bald suggestion that he wasn't fully aware of an
> alleged rules-based, statutory, or constitutional violation won't suffice.
> Indeed, "it has previously been held that lack of knowledge as to one's

---

[63] This Court does not consider Lashley's grounds for relief based upon his completion of rehabilitative classes as procedurally defaulted because they occurred postconviction; however, they remain barred by Rule 61(i)(1) and (2).

[64] Rule 61(i)(3).

[65] *State v. White*, 278 A.3d 680, 688 (Del. Super. 2022) (citing *State v. Loper*, 2016 WL 3621547, at *4 (Del. Super. June 27, 2016), *aff'd*, 293 A.3d 371 (Del. 2023)).

[66] Lashley does not allege ineffective assistance of counsel in his Second Rule 61 Motion.

15

rights does not constitute 'cause'" under 61(i)(3).[67]

Here, Lashley offers no explanation for his failure to raise the affirmative defense he now asserts. Lashley understood the facts and circumstances before he entered his guilty plea. The affirmative defense he now raises was available to him before the entry of his conviction and sentence. This Court cannot discern any "external impediment" that prevented Lashley from "constructing or raising" this new defense, nor will it try. Instead, the Court credits both Mr. Lashley's admissions of guilty during the plea colloquy and its prior finding that Lashley entered a guilty plea to a lesser included offense, fully aware of both the range of possible and minimum-mandatory sentencing that would be imposed. Simply put, Lashley has failed to show "cause" for his default.

Lashley's failure to show "cause" alone is enough for this Court to deny him relief under Rule 61(i)(3);[68] but here, Lashley also fails to establish any "prejudice to his rights" that would allow this Court to consider his new defense. Actual prejudice requires showing of a "substantial likelihood" that had Lashley raised this

---

[67] *State v. White*, 278 A.3d 680, 688 (Del. Super. Ct. 2022) *aff'd*, 293 A.3d 371 (Del. 2023) (cleaned up).

[68] *Shelton v. State*, 744 A.2d 465, 478 (Del. 2000) ("Because he has failed to show cause for his procedural default, this Court need not consider whether [movant] can demonstrate prejudice."); *Vasquez*, 2001 WL 209867, at *1 ("Since the Court has concluded that Defendant has failed to establish sufficient cause under Rule 61(i)0(3)(A), it need not address the issue of prejudice under Subsection (i)(3)(B).").

issue on direct appeal, the outcome thereof would have been different.[69] Here, Lashley simply has not alleged, let alone established, such prejudice. Conversely, Lashley received the benefit of his bargain when he knowingly, voluntarily, and intelligently entered a guilty plea to a lesser included offense which allowed him to avoid a life sentence. As recited by this Court in the Order denying Lashley's first motion for postconviction relief:

> [Lashley] participated in the plea colloquy and completed the Truth-in-Sentencing form.[70] The Court found that [Lashley] entered his plea knowingly, intelligently, and voluntarily. . . . Defendant was evaluated by two forensic psychologists prior to entering his plea—neither of whom reported anything that cast[] doubt on [Lashley's] competency. . . . . [T]he Court notes that the State had compelling evidence against [Lashley]. Surveillance video footage shows that [ Lashley] was near the scene of the crime, eyewitnesses identified [Lashley] and [he] fled to New York after the shooting occurred. [Lashley] has not presented clear evidence that he [wa]s innocent.[71]

In sum, Lashley waived his now alleged use of force affirmative defense and has established neither the cause nor the prejudice necessary to permit this Court to consider his new ground for relief. Nor has Lashley established an exception under

---

[69] *Dollard v. State*, 2020 WL 2393353, at *2 (Del. May 11, 2020) (citing *Younger*, 580 A.2d at 556).

[70] D.I. 23. On the Truth-in-Sentencing form, Lashley acknowledged he understood he was waiving his constitutional right to "hear and question the witnesses against" him, "present evidence in his defense," and to testify himself, during which he might have articulated his new claim that he believed another combatant was armed. *Id.*

[71] D.I. 45 at 6–7.

Rule 61(i)(5). Thus, Lashley's claim is barred by Rule 61(i)(3).

## CONCLUSION

Lashley's claims for sentence modification are procedurally barred under Rule 35(b) and otherwise meritless. Lashley's sentence remains appropriate for all the reasons stated at the time of sentencing. No additional information has been provided to this Court that warrants a reduction or modification of his sentence. This Court finds that the sentence imposed was well within the statutory guidelines, as well as reasonable and just under the circumstances presented. Accordingly, Lashley's Second Motion Rule 35(b) Motion is **DENIED.** Lashley also fails to overcome the procedural bars to relief under Rule 61(i)(1), (2), or (3); nor has he established an exception thereto allowing this Court to consider the merits. Accordingly, Lashley's Second Rule 61 Motion is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Kathleen M. Vavala*
The Honorable Kathleen M. Vavala

Original to Prothonotary:
cc: Sandy D. Lashley (SBI# 00880816)
Investigative Services Office

18